## Hess *versus* Frankenfield.

1. When a judgment had remained unpaid for a period of nineteen years, and there were certain circumstances persuasive of payment:

   *Held*, that on the trial of a scire facias *quare executionem non* issued on the judgment, it was for the jury to say whether or not the same had been paid.

2. A judgment was entered by a wife against her husband. Seven years afterwards the wife died. No letters of administration were taken out upon her estate, and there was some evidence to show that there was a division of her property between her husband and a daughter by a former marriage, who were the only parties in interest. The daughter executed a release to her stepfather, which was equivocal in its terms, but might readily be construed to cover the judgment in question. Twelve years after the wife's death, the husband in the mean time having also died, the husband of the daughter took out letters of administration upon the wife's estate, and issued a scire facias *quare executionem non* upon the judgment against the husband's executor:

   *Held*, that upon the trial of said scire facias the question of payment should have been left to the jury, and that it was error for the court to give peremptory instructions to find for plaintiff.

April 28, 1884. Before GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, C. J., and CLARK, J., absent.

ERROR to the Court of Common Pleas of *Bucks county:* Of January Term, 1884, No. 41.

This was a scire facias sur judgment, *quare executionem non*, by Tobias G. Frankenfield, administrator of the estate of Hannah Hess, deceased, against David W. Hess, executor of the last will and testament of Addison J. Hess, deceased.

The original judgment was entered October 1, 1863, in favor of Hannah Hess against Addison J. Hess (plaintiff's husband) upon a judgment note, bearing date April 3, 1860, for $3,000, payable one year after date, with interest.

On December 18, 1882, the death of the plaintiff was suggested, and Tobias G. Frankenfield, her administrator, was

substituted of record. On the same day said administrator issued this scire facias to revive said judgment, *et qu. ex. non.* Plea payment with leave, etc.

On the trial, before WATSON, P. J., the evidence disclosed that the original judgment note had been given a short time before it was entered, but had been antedated. Hannah Hess died January 14, 1870, and letters of administration upon her estate were issued in December, 1882, to Tobias G. Frankenfield, who was the husband of a daughter of the said Hannah Hess by a former marriage, being her only child. Addison J. Hess died in November, 1882. On March 28, 1871, the said daughter, Amanda M. Frankenfield, gave to her stepfather the following receipt and release:

Received, March 28, 1871 of Addison J. Hess my full outset as agreed between us and I hereby release the said Addison J. Hess from all claims which I may or might have against him for services rendered previous to March 28, 1871 and for any demand for or on account of the money or estate of my mother deceased or my father deceased other than a Bond of $1,000, dated March 28, 1871 given by the said Addison J. Hess to me Amanda M. Frankenfield and also a certain Judgment Note of $914.15 dated March 28, 1871 given by him to me.

  *Attest:*      AMANDA M. FRANKENFIELD.
HENRY BITTZ.

The court gave binding instructions to the jury to find for the plaintiff for the amount of the original judgment with interest to date.

Verdict accordingly for plaintiff, for $6,685, and judgment thereon. The defendant took this writ, assigning for error the action of the court in instructing the jury as above.

*George Ross* (with him *N. C. & J. D. James* and *L. L. James*), for the plaintiff in error.—The judgment in this case was a very old one, and the common law presumption of payment had nearly risen against it. We contend that it was the duty of the court below to have submitted the circumstances in the case to the jury upon the inquiry as to whether the note was presumed to be paid. A legal presumption of payment does not indeed arise short of twenty years, yet it has often been held that a less period with persuasive circumstances tending to support it may be submitted to the jury as ground for a presumption of fact: Moore *v.* Smith, 31 P. F. S., 182; Henderson *v.* Lewis, 9 S. & R., 384; Ross *v.* McJunkin, 14 S. & R., 369; Diamond *v.* Tobias, 2 Jones, 312. For about twelve years, after this settlement of the interest or share of

Mrs. Frankenfield in her mother's estate, the judgment remained a mere entry on the record, of a fact which had ceased, if it ever did exist, as a *bona fide* evidence of indebtedness. The son-in-law could have administered at any time during these twelve years, upon the estate of his mother-in-law, and raised this same question against his living step-father-in-law; but he waits until the death of Addison J. Hess, in November, 1882, and then on December 15, 1882, he administers, and on the 18th causes the writ to be sued out. The jury should have been permitted to pass upon these circumstances. In the case of Webb *v.* Dean (9 Harris, 29) the period was short of sixteen years : See also Brubaker's Administrator *v.* Taylor, 26 P. F. S., 83; Appeal of Bentley's Executors, 3 Out., 500; McCrudden's Estate, 12 Phila., 69.

*Henry Lear*, for the defendant in error.—The presumption of payment did not operate during the coverture of the plaintiff : King *v.* Coulter, 2 Grant, 77; Towers *v.* Hagner, 3 Wh., 48; Kutz's Appeal, 4 Wr., 90; Lahr's Appeal, 9 Norris, 507. From the 14th of January, 1870, until the 15th of December, 1882, the period between the death of Hannah Hess and the granting of letters of administration on her estate to Tobias G. Frankenfield, there was no legal representative of the estate of the plaintiff in the judgment who could issue legal process upon it, who could demand or receive the money, or to whom the defendant could offer or make payment. Under such a condition of things, no length of time, however great, could raise a presumption of payment as a matter of fact. While there was no legal party to pay to, or be estopped by acts or omissions, the mere lapse of time could not affect or change the rights or liabilities of the parties as they stood at the death of the plaintiff in the judgment. As the time ran on, which under other circumstances, might have resulted after the lapse of twenty years in a presumption of payment, there was the constantly existing and·concurrent running of the fact, that there was no person to whom payment could lawfully be made, and thus daily repelling the presumption of payment which would have arisen in case of the existence of legal parties.

The release is a nullity, so far as this case is concerned. It expresses no consideration for the release of this judgment, it does not refer to it as the subject of the release, it does not imply a consideration not being under seal, and it was made by a married woman with joining her husband and in his absence, and without being for the payment of money, and is. therefore void. The construction of the paper was for the

court, and it would have been error to have left it to the jury:
Rapp v. Rapp, 6 Barr, 45; Dampf's Appeal, 1 Out., 371.

Mr. Justice GREEN delivered the opinion of the court,
October 6, 1884.

The only question in this case is whether it should have been
determined by the court or the jury. The court decided it by
directing a verdict for the plaintiff. The question was one
of payment. The claim was a scire facias to revive a judg-
ment entered more than nineteen years before the writ issued.
The judgment was entered by Addison J. Hess against himself
and in favor of his wife on October 1, 1863, upon a note for
$3000 dated April 3, 1860, but really executed shortly before
the judgment was entered. The wife died in January, 1870,
and her husband, the defendant in the judgment, in November
1882. After his death letters of administration upon the
wife's estate were taken out by her son-in-law Tobias G. Fran-
kenfield and it is he who issued the present writ of scire facias.

It was contended on the trial that the great lapse of time
coupled with the other facts and circumstances in evidence
authorized a presumption of payment, but the learned court
below without delivering any opinion or charge directed the
jury peremptorily to return a verdict for the plaintiff for the
whole amount of the judgment with interest from its date to
the day of the verdict. In this we think there was error.

In the recent case of Peters's Appeal (ante, p. 341), our
brother PAXSON, delivering the opinion of the court, said—
"After a lapse of twenty years mortgages, judgments, and all
evidences of debt are presumed to be paid: Foulk v. Brown,
2 Watts, 209: and a recognizance in the Orphans' Court: Beale
v. Kirk, 3 Norris, 415: and in less than twenty years with cir-
cumstances payment may be presumed: Hughes v. Hughes, 4
P. F. S., 240; Brigg's Appeal, 12 Norris, 485. After twenty
years the law presumes that every debt is paid, no matter how
solemn the instrument may be by which such debt is evidenced,
and such presumption stands until rebutted." In Moore v.
Smith, 31 P. F. S. 182, we said "a legal presumption of pay-
ment does not indeed arise short of twenty years, yet it has
been often held that a less period with persuasive circumstan-
ces tending to support it may be submitted to the jury as ground
for a presumption of fact." In Henderson v. Lewis, 9 S. & R.
on page 384, GIBSON, J., said: "When less than twenty years
has intervened no legal presumption arises; and the case not
being within the rule, is determined on all circumstances,
among which the actual lapse of time, as it is of a greater or
less extent, will have a greater or less operation." In this
case a period between sixteen and seventeen years had elapsed

and was held sufficient with proper circumstances. The same doctrine was stated in Hughes *v.* Hughes, 4 P. F. S., 240, and THOMPSON J., added to the statement—"slight circumstances may be given in evidence for that purpose in proportion as the presumption strengthens by lapse of time." In Diamond *v.* Tobias, 2 Jones, 312, COULTER, J., said "The rule is well established that where the period is short of twenty years the presumption of payment must be aided by other circumstances beside the mere lapse of time. But exactly what these circumstances may be, never has been and never will be defined by the law. There must be some circumstances; and where there are any, it is safe to leave them to the jury." In Brigg's Appeal, 12 Norr., on p. 488 Mr. Justice STERETT says—"While the general rule undoubtedly is that the presumption does not arise until twenty years have elapsed, it is well settled that a shorter period than that, aided by circumstances which contribute to strengthen such presumption, may furnish sufficient grounds for inferring the fact of payment."

The question of payment is a question of fact, and therefore its proper determination is within the province of the jury. In a given case, if there are no circumstances tending to aid the presumption of payment, and the presumption does not arise for want of the necessary time, it would be the duty of the court to so instruct the jury and withdraw it from their consideration. But in this case, it seems to us, there were circumstances, some of them of a highly persuasive character, which tended to support the presumption, and therefore it became the duty of the court to submit the whole of them, including the lapse of time, to the determination of the jury. It was proven that the only persons entitled to the estate of Mrs. Hannah Hess, the plaintiff in the judgment, were her husband, the defendant, and her daughter by a former marriage, Mrs. Tobias G. Frankenfield. Mrs. Hess having died in 1870, her husband was entitled to the exclusive administration of her estate, and to take one half of all her personal estate, including this judgment. But as no one else but her daughter was entitled to the other half, there would be no necessity for administration unless there were debts, of which there is no evidence, and, speaking from this lapse of time, no probability. It was entirely competent, therefore, for her husband and her daughter to divide her personal estate without administration if they saw fit to do so. In point of fact, the daughter, Mrs. Frankenfield, and her step-father, the defendant in the judgment, did have a settlement on March 28, 1871, in which she gave him several receipts, one of which was as follows: "Received, March 28, 1871, of Addison J. Hess, my full outset, as agreed between us, and I hereby

release the said Addison J. Hess from all claims which I may or might have against him for services rendered previous to March 28, 1871, and for any demand for or on account of the money or estate of my mother, deceased, or my father, deceased, other than a bond of $1000, dated March 28, 1871, given by the said Addison J. Hess to me, Amanda M. Frankenfield, and also a certain judgment note of $914.15, dated March 28, 1871, given by him to me."

It is not necessary now to decide whether this paper was conclusive upon Mrs. Frankenfield, as a paper which it was competent for her to execute under the power conferred by the Act of April 11, 1856, authorizing married women to execute refunding bonds and other instruments in discharge of legacies and distributive shares, as that question is not before us. But we are very clear that the fact of Mrs. Frankenfield's giving this release was a persuasive fact in support of the presumption of payment of the judgment in this case, and as such was for the determination of the jury and not of the court. Seven years had already transpired from the entry of the judgment without any demand being made by the wife for its payment, so far as the evidence goes, and at the time of the trial twelve years more had elapsed, during all of which it was competent for Mrs. Frankenfield to make claim for the money from her step-father, and to have administration granted upon her mother's estate if payment was refused, and yet there is no proof that any such demand was made. While it is true she had no claim during the first seven years, yet that length of time was an important period in the age of the judgment, which ought to have prompted her to action when her right did attach. It is certainly not proper for a court to say that when a paper of this character is given by a person so circumstanced, it is to have no weight, and is of no consequence in the case, and must therefore be disregarded by the jury. That is a matter for the jury alone to determine in connection with the other facts in the case. The mere giving of such a paper is corroborative of the presumption from lapse of time increasing in force as time goes on.

Again, it was competent for the husband, at any time after his wife's death, to take out administration upon her estate, and, as administrator, to enter satisfaction upon the judgment, being liable, of course, to account for its value in the settlement of his administration account. Does the fact that he did not do this add to the force of the presumption or detract from it? This also is for the jury. It does not appear that Mrs. Frankenfield or her husband ever demanded any interest or any part of the principal during the twelve years (almost)

following the giving of the receipt. Is or is not this a fact in aid of the presumption? She did settle with him for other claims in 1871, and again in 1872, as she had previously settled with him in 1865 as her guardian, why did she not settle this? In fact, did she not settle this when she gave the release of March 28, 1871? All these are matters for the jury, not for the court. So far as the mere language of the paper is concerned, which is for the court, it declares that she does release him from any demand on account of the money or estate of her mother. If it is not to have this effect, it must be by force of other facts which prevent it, and those also are, or may be, for the jury. There are other facts, such as the consideration of the judgment, the circumstances in which, and the purpose for which it was given, which may be of importance in the decision of the case. We think all these matters are for the jury, and therefore that the court was in error in taking the entire case from them.

Judgment reversed, and venire de novo awarded.