# McCracken *versus* The First Reformed Presbyterian Congregation of Pittsburgh.

1. It is not sufficient for the defendant to declare in his affidavit of defence that he has accounted for and paid over the sum claimed, and is not indebted to the plaintiff in any amount.

2. Where the defence set up in an affidavit of defence is payment pure and simple, it must be stated with particularity as to the true amount and manner of payment, and also the person or persons to or by whom the same was made.

October 29th, 1885.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term, 1885, No. 77.

This was an action in assumpsit brought by the First Reformed Presbyterian Congregation of Pittsburgh against Henry J. McCracken.   The facts of the case appear from the opinion of the Court and the following abstract of the proceedings:

January 28th, 1885, *præcipe*, affidavit of claim, and copy of account and resolution filed by plaintiff; same day, summons case in assumpsit issued.   January 31st, 1885, summons issued. February 10th, 1885, affidavit of defence filed.   February 15th, 1885, rule on defendant for judgment for want of sufficient affidavit of defence; reasons filed.   April 7th, 1885, supplemental affidavit of defence filed; same day, notice of filing accepted by plaintiff's attorney.   April 9th, 1885, rule absolute ; same day, judgment entered for $628.05.

The following is the rule of Court in reference to affidavits of defence :

" In actions on recognizances, judgments and other records, mortgages, mechanics' liens, policies of insurance, book accounts, notes and other instruments of writing, and all contracts for the payment of money, whether the same be in writing or not, and in all other actions founded on contract

[McCracken v. First Ref'd Pres. Congregation of Pittsburgh.]

(whether in form *ex contractu* or *ex delicto*), when the debt or damages can be liquidated without the aid of a jury, if the plaintiff shall file with his *præcipe* an affidavit stating the amount he believes to be due from the defendant, and a copy of the book entries, instruments of writing, record or claim (or a statement of the contract, if it be not in writing), together with a statement of the facts necessary to support his claim, and shall have filed his declaration, if one be necessary, he shall be entitled to judgment at any time after the return day and ten days' service of writ; unless the defendant, or some one for him, shall have filed an affidavit of defence, stating therein specifically and at length the nature and character of his defence."

Upon the plaintiff entering judgment the defendant took this writ assigning for error the entering of the judgment against the defendant for want of a sufficient affidavit of defence.

*Pier & Garrison* for the plaintiff in error.—Generally it is sufficient if the affidavit sets forth facts showing a solid defence which can possibly be established. It is not necessary that in such a paper he should meet, by an oath, every objection or argument against his case which fine critical skill may deduce :" Leibersperger *v.* The Reading Savings Bank, 30 Pa. St., 531; again, in Bronson *v.* Silverman, 77 Pa. St. R., 94, MERCUR, J., says:

" The rule of court under which this judgment was taken requires ' an affidavit of defence in which the nature and character of the defence shall be clearly and specifically stated.' This, then, imposed on the party making it the necessity of averring, with reasonable precision and distinctness, facts which, if true, would constitute a defence. It does not require a statement of the manner in which those facts will be proved, nor of the evidence by which they will be substantiated. It is presumed they will be proved according to the rules of law and the practice of the court."

" It is not necessary that an affidavit of defence should be drawn with so much nicety that no critical skill can suggest an objection; but if it sets forth substantially a good defence, it should be supported :" Thompson *v.* Clark, 56 Pa. St. R., 33.

*Marshalls & Imbrie* for the defendant in error.—The affidavits do not state specifically, nor at length, the nature and character of the defence. Rule of court.

We are not informed when, how, or to whom the money was paid: Mitchell on Motions, 66.

Mr. Justice GORDON delivered the opinion of the court, January 4th, 1886.

This was an action of assumpsit brought by the corporation above named against Henry J. McCracken, to recover certain moneys which, it was alleged, he had received whilst acting as treasurer of the said corporation, and which he had refused to pay over to his successor in office. A statement of claim, in conformity with the rules of Court, was duly filed, and as an answer thereto the defendant interposed an affidavit of defence, admitting the plaintiff's claim, and setting forth, *inter alia*, as follows : " Defendant furthermore avers, that he accounted for and paid over to the said First Reformed Presbyterian Congregation of Pittsburgh all the money arising from the contributions aforesaid, which was received by him as treasurer of said fund ; and that he is not indebted to the First Reformed Congregation in the sum of $550.27, with interest from the first day of December, 1882, as is alleged in the aforesaid affidavit of claim, nor in any other sum or amount whatever."

Afterwards, on the 13th day of February, 1885, a rule was entered against the defendant for judgment for the want of a sufficient affidavit of defence, which rule was made absolute on the 9th day of the succeeding April.

It is to this action of the Court that the writ of error has been taken, and it is for us to consider whether the judgment was properly entered. Mr. Endlich, in his valuable work on affidavits of defence, says that where the defence set up by the affidavit is payment, pure and simple, it must be stated with particularity as to the time, amount, and manner of payment, and also the person, or persons, to or by whom the same was made. So in the case of Snyder *v.* Powers (37 Leg. Intel. 387), where the claim filed was for certain instalments of interest, which, it was alleged, were due and unpaid, and in default of which payments the mortgage had become due, and the affidavit set forth, among other things, that the deponent had paid to the plaintiff interest much in excess of the various items thereof as set forth in the plaintiff's statement, and that he did not receive credit therefor, " as was promised, and is right and proper ; that the deponent did not owe any interest at all upon the said mortgage to the said plaintiff at the time of the bringing of this suit, and that he would not owe any until the 5th of November, 1879," it was held that the plaintiff was entitled to judgment. Mr. Justice TRUNKEY, in delivering the opinion of this Court, said : " The averments 'that the defendant paid interest to the plaintiff much in excess of the amount due,' and 'that he does not owe any interest at all upon the said mortgage to the plaintiff,' constituted the substance of the affidavit of defence, and are insufficient. It was

[McCracken v. First Ref'd Pres. Congregation of Pittsburgh.]

never held enough to prevent judgment to say, 'I paid the debt,' or, 'I do not owe the claim.'" An adherence to the rule here stated renders the reversal of the judgment in the Court below an impossibility. Beyond the mere allegation of payment, there is nothing in McCracken's affidavit which is at all definite. "He accounted for,.and paid over to, the said First Reformed Presbyterian Congregation of Pittsburgh all the money arising from the contributions aforesaid;" but the congregation thus named is composed of all the members which belong to its communion, men, women, and children, and as all these could not be settled with and paid personally, the query is, how, or with whom did he account, and to whom pay the money. Did he account to a congregational meeting, with a board of deacons, elders, or trustees? If with either, at what time, and how did he pay the balance which he admits was at one time in his hands? On orders drawn by the trustees or other administrative officers of the church, or to the treasurer, his official successor? Not one of these important questions is answered, nor can the present treasurer, or the board of trustees, if such there is, gain, from this affidavit, the least information as to what was done with this money. He might, on his own motion, have expended it in paying the salary of the pastor or janitor; in furnishing lights, fuel, or other necessary expenses, or he might have handed it over to some unauthorized person or committee. In fact we might go on guessing until we were exhausted, and yet be as far from a solution of the doubt as when we began, whilst he, in a few words, might have made all things pertaining to this subject clear and intelligible. Now, it has been well said that an affidavit of defence need not have all the particularity and technicality which are necessary to a special plea, but it ought certainly so to set out the defence, on which the defendant depends, that the plaintiff may know with some degree of certainty what will be interposed to defeat his claim. But what have we here? An allegation of payment to a congregation, which, so far as respects any such special information as the plaintiff was entitled to have, amounts to nothing at all. A corporation is a purely artificial body, and can act only through agents, hence, unless the receipting agent is set forth to whom the money has been paid, and the special circumstances attending such payment, the defendant might just as well swear to a plea of payment with leave, and offer that as an affidavit of defence. Had this been done in the present case the plaintiff would have known quite as much of the nature and character of the defence as it does now. The substance of the oath before us is: "I paid the plaintiff; I owe it nothing." If this be sufficient, it is to me marvellous why our Legislature and Courts

[Huddleston *v.* Borough of West Bellevue, &c.]

have exhibited so much pains in framing and promulgating elaborate rules governing affidavits of defence, when a general plea with a probate attached would answer every purpose. Not being as yet prepared to abrogate altogether rules of such great practical value, we must the rather affirm the judgment of the Court below.

Judgment affirmed.