# Leas, Appellant, *v.* Hafer.

*Affidavit of defense—Practice, C. P.—Promissory notes—Payment.*

In an action on a promissory note an affidavit of defense is not sufficient to prevent judgment which merely alleges that the full sum due from the defendant to the plaintiff was paid to an alleged agent of the plaintiff "in checks, cash and notes," without giving the amounts, dates, places of the alleged payments, or any circumstances relating thereto, and which does not allege that the checks and notes were ever accepted by the plaintiff or paid by the defendant.

Argued March 8, 1909. Appeal, No. 7, March T., 1909, by plaintiff, from order of C. P. Adams Co., April T., 1908, No. 363, discharging rule for judgment for want of a sufficient affidavit of defense in case of W. G. Leas v. F. K. Hafer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a promissory note.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*W. C. Sheely,* for appellant.—One who says in his affidavit that he has paid a debt, without more, simply expresses a legal conclusion from facts not disclosed. He should set forth the facts so that the court can tell whether he has paid: Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Killen v. Brown, 6 Pa. Superior Ct. 15; Port Kennedy Slag Works v. Kruse, 5 Pa. Superior Ct. 622.

And an averment of payment in cash, notes and checks is not sufficient without giving the dates and amounts of these payments so that the court can ascertain whether the note in suit has been fully paid: Hiestand v. Williamson, 128 Pa. 122; McCracken v. First Reformed Presby. Congregation, 111 Pa. 106; Snyder v. Powers, 3 Walker, 277; Comly v. Simpson, 6 Pa. Superior Ct. 12; Bank v. Muller, 2 W. N. C. 50; Smith v. Potter, 1 W. N. C. 51; Erlicher v. Lawson, 5 W. N. C. 473; O'Donnell v. May, 1 Wilcox, 113; Fluck v. Hope, 1 W. N. C. 42; Betz v. Gilmore, 1 W. N. C. 145; Bube v. Hauck, 16 Lanc. L. R. 412; Mallory v. Miner, 9 Kulp, 166; Weidman v. Frank, 19 Lanc. L. R. 30.

*J. L. Butt,* for appellee.—It is the settled policy of the Supreme Court of Pennsylvania not to reverse the judgment of the court below on a motion or rule for judgment for want of a sufficient affidavit of defense unless a plain error of law is made to appear by the action of the court below: Griffith v.

Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 568; Ætna Insurance Co. v. Confer, 158 Pa. 598.

OPINION BY HENDERSON, J., April 12, 1909:

It is not claimed on behalf of the defendant that the first affidavit of defense is sufficient. It is a bare allegation that the note which was the foundation of the action had been fully paid and settled and that there was nothing due thereon. The supplemental affidavit of defense enlarges somewhat on these averments, but in substance is of the same effect. It may be inferred from the defendant's statement that there were several accounts or claims due from him to the plaintiff growing out of their previous association in the bank, and the impression produced by the affidavit is that the plaintiff's agent settled and adjusted these claims with the defendant who paid the agent the amount due to the plaintiff. What particular claims or accounts were the subject of the settlement is not set forth, but it is alleged that the payments made "covered the liability represented by the note in suit and that the same is now fully paid and there is no liability on the part of your affiant." An averment of payment merely is not sufficiently precise to prevent judgment. The facts should be set forth so that the court could judge whether they amounted to payment. The only defense set up is payment, and this should be stated with particularity as to the amount and manner of payment: McCracken v. First Reformed Presby. Congregation, 111 Pa. 106; Stockley v. Riebenack, 12 Pa. Superior Ct. 169. The only averment of the manner of payment is that the full sum due and owing by the defendant to the plaintiff was paid to the plaintiff's agent in "checks, cash and notes." How much was cash and how much was in checks or notes is not stated. Whose checks and notes were turned over and the time when this was done is not disclosed. The affidavit should have set out with reasonable particularity how and when the payments were made: Hiestand v. Williamson, 128 Pa. 122. There is no averment of inability to give a more specific statement of facts, and we are not at liberty to assume that the securities delivered by the defendant could not be identified and de-

scribed.  There is the further objection that it is not averred that the plaintiff accepted the checks and notes referred to in payment of the note or in part payment thereof.  Nor is it stated that the notes and checks were ever paid to the plaintiff by the defendant or by any other person.  To make payment absolute there must be an express agreement by the creditor to receive a note as such.  Neither the defendant's note nor the note of a third party amounts to payment on an existing debt, unless accepted as such by the creditor.  They are collateral security or at most conditional payment of money: Holmes v. Briggs, 131 Pa. 233; Philadelphia v. Stewart, 195 Pa. 309; Berlin Iron Bridge Co. v. Bonta, 180 Pa. 448.  The supplemental affidavit of defense is altogether insufficient in the respects referred to.

The judgment is therefore reversed and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause shall be shown to the court below why such judgment should not be entered.