## Camp et al., to use, Appellants, *v.* John et al.

*Judgments—Presumption of payment—Evidence.*

1. After the expiration of twenty years from maturity, judgments, mortgages and all like obligations are presumed paid and it requires satisfactory and convincing evidence to overcome that presumption.

2. On a sci. fa. brought by a use-plaintiff on a judgment entered

on an indemnity bond given by a collector of taxes where it appeared that the judgment had been entered more than twenty years prior to the issuance of the writ where there was no satisfactory evidence to overcome the presumption of payment by lapse of time, a judgment was properly directed for the defendant.

Submitted May 7, 1917. Appeal, No. 107, Jan. T., 1917, by plaintiffs, from judgment of C. P. Northumberland Co., Dec. T., 1910, No. 243, on directed verdict for defendant in case of David Camp, George Robertson, and Richard Irvin, now for the use of Nicholas Dursky v. C. Elmer John, Administrator of Estate of Hugh McDonald, deceased, with notice to Ann McDonald, John McDonald, Hugh McDonald, Mary Jane Welsh, nee McDonald, now intermarried with William Welsh, and William Welsh, her husband, James D. Dorsey, minor child of Annie Dorsey, nee McDonald, deceased, late intermarried with James Dorsey, and James Dorsey, her husband, terre-tenants. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Scire facias sur judgment. Before Moser, J.

The opinion of the Supreme Court states the case.

Verdict for defendant by direction of the court and judgment thereon. Plaintiffs appealed.

*Error assigned,* inter alia, was in directing verdict for the defendants.

*J. Mal. Gillespie,* for appellants.

*W. H. M. Oram,* for appellees.

Opinion by Mr. Justice Walling, June 30, 1917:

Hugh McDonald was collector of taxes for the poor district of Mount Carmel Township, Northumberland County, for the years 1885 and 1886; and as such gave a bond in $2,500.00, with David Camp, George Robert-

son and Richard Irvin as sureties. He made default and to indemnify the sureties gave them his personal bond, in like amount, on which a cautionary judgment was entered June 16, 1888, in the Court of Common Pleas of said county. By reason of such default judgment was entered in said court against the tax collector and his sureties on April 15, 1890, on the bond first above mentioned, and liquidated in the sum of $2,115.28. Mr. McDonald died November 1, 1890; and in 1893 by virtue of an execution issued on said last named judgment two pieces of land were seized and sold by the sheriff, as belonging to his estate. At said sale the property was bought jointly by Camp, Irvin and Robertson at the price of $100.00, subject to a mortgage of $3,720.00. Within a very short time the property was resold for $6,000.00. During the same year (1893) the sureties paid said judgment to the poor district, and in 1897 it was satisfied of record, the sureties never having taken any steps to become subrogated to the rights of the plaintiff therein.

In 1895 Mr. McDonald's widow brought ejectment against the purchasers of the said two pieces of land, which suit was compromised by giving her a verdict of $1,900.00. At the time of his death, Mr. McDonald seems to have been the owner of two other pieces of land, the deed for which was not placed upon record until 1899, and so far as appears he left no other estate.

On November 7, 1910, the use-plaintiff, having obtained an assignment of the judgment entered on the indemnity bond, issued thereon a writ of scire facias sur judgment against the administrator of the estate of Hugh McDonald, deceased, with notice to his widow and heirs as terre-tenants. In defense it was set up, inter alia, that the presumption of payment had arisen because of lapse of time. The only evidence submitted at the trial materially tending to rebut the presumption of payment was that of one of the two executors of the Robertson estate, to the effect that the one-third part of the judg-

ment paid by that estate to the poor district had never been repaid to him or to his knowledge. There was nothing to show that the judgment on which this writ was issued had not been paid to Camp or Irvin or to the other executor of the Robertson estate.

This appeal is from the action of the trial court in directing a. verdict and judgment for the defendants, which action was based largely on the ground that the evidence was not sufficient to rebut the presumption of payment arising from the lapse of time; wherein we find no error. After the expiration of twenty years from maturity, judgments, mortgages and all like obligations are presumed paid; and it requires satisfactory and convincing evidence to overcome that presumption: Gregory v. Commonwealth, 121 Pa. 611; Fidelity Title & Trust Company v. Chapman, 226 Pa. 312; Miller v. Overseers of the Poor of the City of Williamsport, 17 Pa. Superior Ct. 159. Whether the facts relied upon to rebut such presumption are true is for the jury, but whether if true they are sufficient is for the court: Beale's Executors v. Kirk's Administrator, 84 Pa. 415; Peter's App., 106 Pa. 340; Porter v. Nelson, 121 Pa. 628. Here the cautionary judgment was entered in 1888, and the liability of the sureties became fixed by the entry of judgment against them on the collector's bond, April 15, 1890, and the twenty-year period is properly computed from that date, and was therefore complete on April 15, 1910, over six months before the writ in this case was issued, and the presumption arising thereon is alone sufficient to defeat plaintiff's claim: Hummel v. Lilly, 188 Pa. 463. A judgment for a contingent liability is sustained by the same presumptions as other judgments: Black on Judgments, Section 72. It is not necessary that the original judgment be opened in order to interpose the defense of presumption of payment arising from lapse of time.

As a general rule where the property of the debtor is sold at sheriff's sale he is not entitled to the profits re-

sulting from a resale, but here the fact that the property was bought by the sureties for a nominal consideration and almost immediately resold for a very large sum might seem to suggest that it was done by arrangement to protect the sureties and also the McDonald estate, especially in view of the fact that they made no application to be subrogated in the other judgment. However, we do not regard that matter as essential to a decision of the case.

The assignments of error are overruled and the judgment is affirmed.