# Wayne Tank & Pump Co., Appellant, *v.* Thomas Petroleum Products Company.

*Practice, C. P.—Affidavit of defense—Failure to answer allegation of plaintiff's statement—Insufficiency—Practice Act.*

An affidavit of defense which fails to answer every allegation of plaintiff's statement of claim, specifically or by necessary implication, is insufficient to prevent judgment.

A general statement that "all moneys due have been paid and there is nothing owing" is insufficient; the defendant should have stated when, and to whom, and in what circumstances the payments were made.

Evasive and inconclusive affidavits of defense, to statements of claim which comply with the statute, never prevent judgment.

Argued March 4, 1924. Appeal, No. 30, Feb. T., 1924, by plaintiff, from order of C. P. Lackawanna Co., March T., 1923, No. 415, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Wayne Tank and Pump Company v. Thomas Petroleum Products Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on book-account. Before EDWARDS, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*V. D. Rose,* of *Jessup, Gunster & Rose,* for appellant.

*Jacob Gronfine,* for appellee.

OPINION BY LINN, J., April 21, 1924:

Appellant complains that judgment for want of a sufficient affidavit of defense was refused. The cause of

action is set forth in the statement of claim in eighteen numbered paragraphs, each stating "one material allegation" (section 5, Practice Act) and referring to attached written contracts executed by the parties; one, called a "quantity purchase agreement," whereby defendant agreed within a year to take fifty oil pump and tank outfits at specified rates; three others, consisting of requisitions by defendant made pursuant to the former. Three additional deliveries sued for, were alleged to have been orally ordered by defendant pursuant to the quantity purchase agreement. That agreement provided that if defendant took fifty outfits in the year, it should receive a discount of twenty-five per cent; and discount at that rate was credited on purchases made to the time of breach, but plaintiff averred that defendant failed to take the fifty outfits and was therefore not entitled to retain the discount, and on the contrary became liable to pay to plaintiff the amounts so credited. None of these averments was denied.

Instead of answering "every allegation of fact in the plaintiff's statement of claim specifically or by necessary implication" (section 6, Practice Act), as good practice would seem to require, defendant filed an affidavit of defense containing but three paragraphs, as follows:

"1. The defendant avers that all moneys due the Wayne Oil Tank and Pump Company have been paid, and that there is nothing owing to the said plaintiff.

"2. The defendant further avers that the plaintiff's statement does not contain all of the payments made by the defendant to the plaintiff, and particularly fails to mention a payment of $294.25 paid to the plaintiff in December, 1921, which payment plaintiff admits receiving, and, which according to the statement of the auditors of said plaintiff company, was the true balance due them, and included all transactions up to November 30, 1921, a true copy of said auditor's letter requesting defendant's acknowledgment being hereto attached and made a part hereof.

"3. Defendant did not purchase any other merchandise or have any transactions whereby they might become indebted to the plaintiff, after August, 1921."

We cannot consider those averments as legal denials of plaintiff's specific allegations; something more is required to stop summary judgment; it is well settled that a general statement that "all moneys due had been paid and there is nothing owing," is insufficient; defendant should have stated when, and to whom, and, as authority to receive payment was involved, the circumstances in which it was made: Leas v. Hafer, 39 Pa. Superior Ct. 160, 162.

The general statement in the third paragraph that defendant made no purchase or had no transactions whereby it might become indebted after August, 1921, has no relation to the case; no purchases or transactions "after August, 1921," were alleged by plaintiff. The purchases in suit were dated between May 7 and July 25, 1921; the only item in the account after August is the unearned discount charged against defendant December 9, 1921.

The second paragraph of the affidavit is little better. It is not an averment that on November 30, 1921, the balance due plaintiff by defendant was $294.25 and that it was thereafter paid. The summary of the accounts between the parties, set up as an exhibit to the statement of claim, shows that on December 28, 1921, plaintiff received from and credited to defendant $176.12. If, as this paragraph states, plaintiff "fails to mention a payment of $294.25 paid to the plaintiff in December, 1921, which payment plaintiff admits receiving......," defendant should have set forth the date of payment, to whom made, and the corporate authority of such person so to receive it, and like information with regard to the alleged admission. If such payment or admission was made, defendant knew the facts, and in response to specific allegations, should have averred them. The weakness of this paragraph as a specific denial of what is

alleged in the statement is not cured by the suggestion that in a letter from public accountants, the amount due by defendant to plaintiff on November 30, 1921, was stated to be $294.25, and defendant was asked to state whether its books agreed with that, for here again defendant omits to aver the whole of the fact—whatever it may have been—for the letter of the accountants states: "We attach a statement showing the balance of your account on November 30, 1921......" Defendant did not attach this statement of the account. We do not suggest that evidence must be pleaded, but exhibiting a part of a document and omitting a part obviously essential to its interpretation, cannot avail as a denial within the Practice Act; and especially, where, as here, no effort is made, although intended by the statute, to answer separately each averment of fact contained in the statement. Evasive and inconclusive affidavits of defense to statements of claim which comply with the statute never prevent judgment: Leas v. Hafer, supra; Kempe v. Nunn, 79 Pa. Superior Ct. 307, 308; Miner-Hillard Milling Co. v. Rosato, 81 Pa. Superior Ct. 94, 96; O'Malley v. O'Malley, 272 Pa. 528, 531; South Hills Trust Co. v. Baker, 278 Pa. 481, 485.

The judgment is reversed, and the record remitted with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.