## Brooks *v.* Rudolph, Appellant.

Argued April 22, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*William T. Connor,* with him *Greenwood & Greenwood,* for appellant.

*W. Blake Metheny,* with him *Raymond S. Shortlidge* and *John Adams, Jr.,* for appellees.

OPINION BY MR. JUSTICE JONES, May 29, 1952:

On October 8, 1929, Mary A. Rudolph, now Mary A. Russell, the defendant and present appellant, executed two judgment notes, the one in favor of Alice A. Brooks and the other in favor of Richard Brooks. Judgment was entered on each of these notes on July 30, 1931, and on January 23, 1934, both judgments were marked of record to the use of Warren F. Brooks, the appellee. On October 30, 1950, the use-plaintiff is-

sued writs of scire facias to revive and continue the liens of these judgments. The defendant filed an affidavit of defense to each of the writs; and the use-plaintiff thereafter ruled the defendant for judgments for want of sufficient affidavits of defense. After argument, the learned court below, in thorough and well-reasoned opinions, made the rules absolute and entered the judgments for the use-plaintiff from which these appeals were taken.

The affidavits of defense are so similar that they can be considered togther. As summarized by the appellant in her history of the case, the defendant's affidavits (1) deny that the judgments entered against the defendant on July 30, 1931, were due and payable and aver that the notes on which the judgments were entered were paid in full to Alice A. Brooks, the payee in the one instance, prior to January 23, 1934, and to Richard Brooks, the payee in the other instance, prior to his death in November, 1934; (2) deny that the judgments were assigned by Alice A. Brooks and by Richard Brooks to the use of Warren F. Brooks on January 23, 1934, or at any other time; (3) aver that, by reason of the lapse of time, a presumption of payment arose in respect of each judgment; and (4) aver that no demand for payment of the judgments was made by the use-plaintiff prior to his issuance of the writs of scire facias on October 15, 1950.

While the affidavits of defense baldly allege that the judgments were paid, they fail to set forth with any particularity how and when payment was made or the person or persons to and by whom the judgments were paid. Such averments are essential to a sufficient allegation of payment. In short, payment is a legal conclusion in support of which it is necessary that facts be averred: see *Hiestand v. Williamson,* 128 Pa. 122, 131, 18 A. 427; *McCracken v. The First Reformed Presbyterian Congregation of Pittsburgh,* 111 Pa. 106, 109,

2 A. 94; and *Leas v. Hafer,* 39 Pa. Superior Ct. 160, 162. The defendant's averments of payment in the present instance were insufficient to prevent judgment.

The denial of the affidavits of defense that the judgments were assigned to the use-plaintiff on January 23, 1934, or at any other time is equally insufficient. If the allegation was designed to question the validity of the order pursuant to which the assignments were made of record, the defendant failed to set forth any facts to support the conclusion. Furthermore, the only defenses available to a scire facias to revive and continue the lien of a judgment are that the judgment does not exist, has been paid or has been discharged: see *Cusano, Admrx., v. Rubolino,* 351 Pa. 41, 44, 39 A. 2d 906; and *Dowling v. McGregor,* 91 Pa. 410, 412.

The averments as to the presumption of payment from lapse of time and the allegation that the use-plaintiff made no demand for payment prior to his issuance of the writs of scire facias are equally ineffectual to prevent judgment. In the case of a judgment the lapse of time necessary to raise a presumption of payment is measured from the date when the judgment became legally collectible (*Roemer to use v. Lancaster County,* 126 Pa. Superior Ct. 11, 16, 190 A. 347) which, according to the general rule, is the date of the entry of the judgment, in this instance July 30, 1931: *Camp v. John,* 259 Pa. 38, 41, 102 A. 285. As the writs of scire facias were issued on October 13, 1950, there was accordingly an intervening lapse of time of a little over nineteen years from the date when the judgments became collectible which is less than the period legally required to support the presumption.

The appellant contends, however, that, even though the lapse of time is less than twenty years, the actual period of nineteen years, two and one-half months plus the fact that the use-plaintiff made no demand for payment justify the presumption of payment. In support

of this contention, the appellant cites and quotes copiously from *Conrad's Estate,* 333 Pa. 561, 3 A. 2d 697. But, that case is not authority for the proposition that a presumption of payment of a specialty or judgment arises from a lapse of less than twenty years. Such a presumption may arise in less than twenty years but not because of the delay alone. It arises from facts other than the delay. That was plainly recognized in *Conrad's Estate* wherein it was said (p. 565),— ". . . where there is a long delay, presumption of payment of a sealed instrument may arise in a period less than twenty years if there is a factual basis to support it *other than the delay"* (Emphasis supplied). The only additional fact to which the present appellant points is that the use-plaintiff made no demand for payment. As a lack of demand for payment is the fact which gives rise to the presumption of payment after the lapse of twenty years (see *Roemer to use v. Lancaster County,* supra, at p. 16), it has no such efficacy in the case of a lesser period of delay. In other words, lack of demand for payment does not help to a presumption of payment unless such lack existed for the full period of twenty years.

There is one further averment peculiar to the affidavit of defense to the writ of scire facias issued on the judgment in favor of Richard Brooks. The defendant there avers that ". . . the signature on the alleged assignment of judgment to Warren F. Brooks is not the true signature of the said Richard Brooks and was not in fact signed by him." Such an allegation might have been assigned as a reason for striking off the assignment, but it does not affect the judgment. It does not constitute an allegation that the judgment does not exist, has been paid or has been discharged. See *Cusano, Admrx., v. Rubolino,* supra; and *Dowling v. McGregor,* supra. The defendant's attempted impeachment of the assignment in the judgment in favor of

Richard Brooks is irrelevant on a question as to a scire facias to revive and continue the lien of a judgment.

The learned judge of the court below was correct in concluding that the affidavits of defense to the writs of scire facias were insufficient and in entering judgments accordingly.

Judgments affirmed.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The promissory notes in this case are dated October 8, 1929, and judgments thereon were not entered until July 30, 1931. This means that nothing was done to effectuate payment until 21 years and 7 months after the date of the notes and 19 years and 2½ months after the entry of judgment. This fact in itself, when suit on the notes is resisted, should be enough to prevent summary execution.

The dust of time and the cobwebs of delay work against the presumption of survival of a debt.

The defendant, Mary A. Russell, avers that the notes were paid to Alice A. Brooks prior to January 23, 1934, and declares further that by reason of the lapse of time a presumption of payment has arisen which it is the obligation of the plaintiff to disprove.

I believe that with these averments the defendant is entitled to a jury trial. In *Peabody v. Carr*, 316 Pa. 413, 416, this Court said: " 'Doubtful cases should go to trial, especially those involving intricate relations demanding inquiry into the facts of the controversy.' " In *Diamond v. Tobias*, 12 Pa. 312, this Court said: "The rule is well established, that, where the period is short of twenty years, the presumption of payment must be aided by other circumstances beside the mere lapse of time. But exactly what these circumstances may be, never has been, and never will be, defined by the

law. There must be some circumstances; and where there are any, it is safe to leave them to the jury."

In *Hummel v. Lilly*, 188 Pa. 463, the Court affirmed the proposition that after a lapse of twenty years mortgages, judgments and all evidences of debt are presumed to be paid, but added that "in less than twenty years, with circumstances, payment may be presumed." The Court said further in that decision: "In Hess v. Frankenfield, 106 Pa. 440, the proceeding was, as in this case, a scire facias on a judgment to revive and continue the lien. The judgment had remained unpaid for *nineteen years* when the scire facias was issued. *We held that a period of nineteen years, accompanied with proof of circumstances tending to show payment, was sufficient to raise the presumption of payment, and that the question of payment was for the jury.*" (Italics supplied)

In the light of all the decisions on this subject I am firmly of the opinion that for at least three reasons—(1) the relationship of the parties, in one case mother and daughter, and in the other, father and daughter; (2) the failure to make demand for payment; and (3) failure to take any legal action,—a presumption of payment certainly came into being after the lapse of the no inconsiderable period of *nineteen years, two and one-half months.*

And then there must be added to this the definite averment by the defendant that the debt was actually paid.

Presumptions are not mathematical; they are pragmatic and practical. Being, therefore, something less than technically precise, there is no stone wall which must be surmounted in order to arrive within the realm of the presumption. The twilight zone between non-presumption and presumption is like the time period between dusk and darkness. One scarcely knows where one ends and the other begins. It does not accord,

therefore, with intellectual integrity to say, in the absence of concrete evidence on the disputed issue, that up to twenty years we must accept as adamantine fact the proposition that no payment was made, and then say, at the stroke of midnight just before the beginning of the twenty-first year, the debt becomes paid.

The whole subject of presumption is one of convenience and practicality. Common sense and fairness therefore command the lifting of the curtain of time for the purpose of ascertaining whether the circumstances do not convince a reasonable mind that the payment can be presumed to have been made even a few hours before the portentous tolling of the bell of twenty years.

I dissent.