## United States of America v. Roberti

*Alexander L. McNaugher,* for plaintiff.
*David Swanson,* for defendants.

WOLFE, J., March 21, 1971.—For disposition is plaintiff's motion for summary judgment following the close of the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1035.

Plaintiff's action is founded in Pa. R. C. P. 3025(1), pertaining to revival of judgments. A writ of revival was issued by plaintiff as complaint filed and served upon defendants who answered it and filed new matter, which generally described the original indebtedness between the parties and, in addition, alleged sale of the mortgaged premises upon which plaintiff based its judgment to a third party, which third party assumed the balance due under the original note and mortgage from defendants and concluded plaintiff accepted payments on the obligation from the third party and changed the rate of interest thereon as well as the incidents of payments. Defendants, therefore, claim the writ of revival should be stricken as to them and entered against the third party only for the reason the writ is void for failure to list and serve the third party as terre-tenant and, in addition, by plaintiff's conduct, it has accepted the third party as the prime debtors. In short, defendants maintain a novation has been worked by plaintiff's conduct thereby substituting the third party and releasing defendants from the original indebtedness.

Plaintiff has admitted the sale of the secured premises to the third party but has denied defendants were released from any personal liability upon the promissory note and mortgage or that the third party was in any way substituted and accepted by plaintiff in the place of defendants. Plaintiff has also admitted it accepted payments on the obligation from the third party and changed the rate of interest thereon as well as the incidents of payments.

In answer to the motion for summary judgment, de-

fendants have denied the affidavit attached in support for the judgment indicating the amount of the balance due on the obligation is the correct amount, for the reason the affidavit shows it is a statement of account due on a loan made to the third party and not the amount due on any loan to defendants. In response to this latter denial of indebtedness, plaintiff filed an addendum to its motion by attaching an affidavit of the Small Business Administration, the agency through and from which the original loan was made and gives rise to the current dispute, verifying the original account with defendants is the same account plaintiff carries against the third party and the amount due thereon is the amount due from defendants and both the third party and defendants are carried on and, in fact, have the same account number for bookkeeping purposes. Plaintiff further denies any knowledge of insurance proceeds from an alleged loss which defendants assert was incurred by the collapse of a building, which insurance proceeds should have been, by the terms of the loan, applied to reduce the principal indebtedness and which was not done and inferred thereby plaintiff failed in its duty in this regard to substitute the insurance proceeds as collateral for the damaged structure on the mortgaged premises.

Plaintiff argues it is entitled to judgment on the revival as a matter of law under the rulings of Dowling v. McGregor, 91 Pa. 410 (1880): Cusano, Admx. et al. v. Rubolino et al., 351 Pa. 41 (1944), and Brooks v. Rudolph, 371 Pa. 21 (1952), holding defendants cannot go into the merits of the judgment in a scire facias to revive unless there is a defense of denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge thereof.

The holding of the court in Brooks v. Rudolph, supra, was that the trial court was correct in conclud-

ing the affidavits of defense to the writs of scire facias were insufficient and in entering judgments to revive accordingly. This was also the holding in Cusano v. Rubolino, supra, and the trial court erred in not entering judgment against defendants for want of a sufficient affidavit of defense. In Dowling Admx. v. McGregor, supra, on scire facias action inquiry into the merits of the original judgment cannot be made.

In the current case, plaintiff is seeking a motion for summary judgment in the face of an answer and new matter alleging a novation. There could be no question as to plaintiff's right to enter a judgment if an answer only were filed in light of the holdings of the foregoing cases. These cases, however, did not consider the issue now before the court.

The court likewise cannot agree with defendants' argument that plaintiff's revival must be brought against the third party as terre-tenants and the failure to do so discharged defendants. Pa. R. C. P. 3026(a) provides plaintiff must name the original defendant and, at its option, any terre-tenant against whom plaintiff seeks to revive and continue a lien of judgment. There is no requirement that in order to renew a judgment proceedings must be had against a terre-tenant: First National Bank & Trust Company et al. v. Miller et al., 322 Pa. 473 (1936). See also Judgment Lien Law of 1947, 12 PS §879.

The sole issue at this stage of the proceedings is whether plaintiff is entitled to judgment as a matter of law. Rule 1035 makes it quite clear judgment must be rendered if the pleadings, deposition, answers to interrogatories, admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McFadden v. American Oil Company, 215 Pa. Superior Ct. 44 (1969); Toth et ux.

v. Philadelphia, 213 Pa. Superior Ct. 282 (1968), 247 A. 2d 629. The burden is on the moving party and the record must be examined in the light most favorable to the non-moving party: Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

In the recent case of Ritmanich et al. v. Jonnell Enterprises, Inc. et al., 219 Pa. Superior Ct. 198 (1971), the familiar rule was again confirmed: where a party moves for summary judgment, the court is to accept as true all well-pleaded facts in the non-moving party's pleadings as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom, and the record must be examined in the light most favorable to them. See also S. J. Groves & Sons Co. v. Ohio Turnpike Commission, 315 F. 2d 235, 237, 238 (C.A. 6 Cir.) cert. denied, 375 U.S. 824 (1963), holding summary judgment is not a trial on the merits and the court on such motion should not attempt to resolve conflicting contentions of fact. "It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts . . . under such circumstances the case is not to be decided by the Trial Judge on a motion for summary judgment."

With these principles in mind and reviewing the foregoing pleadings, this court cannot conclude plaintiff is entitled to its relief as a matter of law.

Defendants have raised issues of fact the court is not permitted to resolve as a matter of law. Accepting, at this point, defendants' allegations to be true, together with all the fair inferences that flow from the allegations, it becomes clear summary judgment should not be granted and defendant should be given an opportunity to prove these allegations.

In so holding, we recognize plaintiff is not seeking execution on its judgment but rather a renewal of it. The issue becomes if, in fact, the obligation has become discharged as to the defendants. Assuming that the indebtedness has not been fully paid, still, if defendants can prove they were discharged by plaintiff's conduct, this, in effect, invokes the holdings of Cusano v. Rubolino and Brooks v. Rudolph.

We appreciate, however, plaintiff must be protected by a continuation of its current lien until this issue can be resolved and we do not mean to imply by this holding a lis pendens may not be entered against defendant. This will protect plaintiff and will also protect any third parties who may purchase or loan funds to defendants on the strength plaintiff's judgment has expired.

For these reasons, the following order is entered:

### ORDER

And now, March 21, 1972, plaintiff's motion for summary judgment is denied. The prothonotary is directed to enter a lis pendens against defendants in the judgment index under the styled caption. The prothonotary is directed to place the case for trial at the next civil term of court for disposition on the merits.