## Curley v. Lisman

*Charles R. Coslett,* for plaintiff.

*Sol Lubin* and *Joseph Giovannini, Jr.,* for defendant.

PODCASY, *J.*, August 26, 1980—This is an action brought by Patrick H. Curley, a Wilkes-Barre City detective, against Walter W. Lisman, Mayor of the City of Wilkes-Barre.

Detective Curley was the prosecutor in the infamous Hannon murder case which has attracted much attention in the local press during the past year or more. In his complaint, he alleges that defendant was interviewed at his City Hall office on January 4, 1980 by a reporter of radio station WILK, said interview being tape recorded with defendant's knowledge and consent for purposes of later broadcast, and that, during the course of the interview, defendant made the following comment:

"I think, uh, Pat Curley was made out to be a liar when he said that I had tipped Francis Hannon about his impending arrest. Mr. Curley never bothered to check to find out I was in Philadelphia when this took place at the Pennsylvania League of Cities Conference."

Plaintiff's complaint goes on to allege that defendant's comment was broadcast on radio station WILK on the afternoon and evening of January 4, 1980 and again on or about January 7, 1980.

In paragraph 12 of his complaint plaintiff avers that the aforesaid comment was false, malicious, and defamatory in that plaintiff never made such an accusation against defendant and, in paragraph 13 of the complaint, plaintiff further avers that, in calling plaintiff a "liar," defendant injured plaintiff's status and reputation as a police detective. Finally, in paragraph 14 of his complaint, plaintiff avers that defendant's comment, having been made while acting as Mayor of the City of Wilkes-Barre

and as commander-in-chief of the City's police force, tended to harm plaintiff's reputation and to lower him in the estimation of the community.

Defendant has filed preliminary objections to plaintiff's complaint in the nature of a demurrer and a motion to strike. In our judgment, these preliminary objections must be dismissed.

Defendant's demurrer sets forth several grounds for dismissal of plaintiff's complaint, which we shall deal with in the order which they have been presented.

The first ground put forward by defendant is that, as Mayor of the City of Wilkes-Barre and commander-in-chief of its police force, he is a "high public official," that as such, his duties required him to "inform the public at least once each year on the financial and general conditions of the city," that the comment of which plaintiff complains was made in discharge of this duty, and that, in making such a comment, he was protected by an absolute privilege against liability for defamation of plaintiff's character.

We certainly agree that defendant is a "high public official," but find it difficult to categorize his comment about plaintiff as one required by his official duty to inform the public on "the financial and general conditions of the city." However, even if we were to thus categorize defendant's comment, the use of preliminary objections to raise a defense of immunity or privilege is procedurally improper, immunity and privilege being affirmative defenses to be pleaded as "New Matter" in an answer to a complaint. For that reason alone, we cannot sustain defendant's demurrer on the ground that his comment was absolutely privileged and that he is therefore immune from liability: Pa.R.C.P. 1030,

1045(b); Tenny v. Patriot-News Co., 26 Cumb. 218 (1976); Weiss v. King's College, 64 Luz. 171 (1974); Thompson v. Farley, 35 D. & C. 2d 157, 14 Bucks 289 (1964); Turner v. The Intelligencer Co., 17 D. & C. 2d 236, 75 Montg. 515 (1959).

The second ground put forward by defendant in support of his demurrer is that his comment to the effect that "I think Pat Curley was made out to be a liar when he said that I had tipped Francis Hannon about his impending arrest" is not and is not alleged to be defamatory *per se,* and that the use of the phrase "I think" renders the comment merely a statement of opinion. We agree that mere statements of opinion are not libelous: Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677 (1962). However, we do not agree that by simply inserting the phrase "I think," a party can convert an otherwise actionable defamatory statement into a nonactionable statement, and defendant *inficia* his brief has been unable to cite any authority to this effect. Plaintiff's allegations that defendant's comment was false, malicious, and defamatory, and that defendant's comment injured plaintiff's reputation as a police detective are, in our judgment, sufficient to preclude the granting of a demurrer. A demurrer admits every well pleaded material fact and all inferences reasonably deducible therefrom: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976); Bogash v. Elkins, supra. Inasmuch as plaintiff has averred that defendant's comment has tended to injure him in his profession, office, or employment, there is a sufficient allegation of damage to preclude the need to allege special damages. See Mumma v. Pomeroy's, Inc., 38 D. & C. 2d 594 (1965); Weiss v. King's College, supra.

Defendant's third contention in support of his demurrer is that publication of the comment was not made by him or under his direction, supervision, or control. This contention, as we view it, is wholly without merit, for paragraph 8 of the complaint clearly alleges that the comment was made with defendant's knowledge and consent that it be broadcast.

Defendant's fourth and final contention in support of his demurrer is that, under the rule laid down in New York Times v. Sullivan, 376 U.S. 254 (1964), a public official cannot recover damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with actual malice—i.e., with knowledge that the statement was false or with reckless disregard of whether it was false or not.

Defendant in his argument brief concedes that New York Times v. Sullivan did not precisely define a "public official" for purposes of this rule, but points out that subsequent cases have held that the term "public official" extends to government employes who have or appear to the public to have substantial responsibility or control over the conduct of governmental affairs.

Sullivan was a Commissioner of Public Affairs, with jurisdiction over the police department. Curley, the plaintiff herein, was simply a detective on the Wilkes-Barre City police force. In our opinion Curley was not a "public official" subject to the rule laid down in New York Times v. Sullivan and, even if he were, we find the allegations of malice set forth in paragraph 12 of plaintiff's complaint sufficient to preclude the granting of a demurrer.

Defendant's preliminary objection in the nature

of a motion to strike is based on Pa.R.C.P. 1019(a), which provides that a complaint must set forth in concise and summary form the material facts on which a plaintiff's cause of action is based.

We agree with defendant that matters of evidence, inference and/or conclusions of law are not such "material facts" as are to be pleaded pursuant to Pa.R.C.P. 1019(a): Ferraro v. Luzerne Lumber Co., 43 Luz. 143 (1953); Koppel Boro. v. Berkebile, 33 Beaver 27 (1973). However, we do not agree that plaintiff's characterization of defendant's comment as "defamatory" in paragraph 12 of his complaint violates Rule 1019(a) when consideration is given to the further allegation of paragraph 12 to the effect that plaintiff never made any accusation that defendant had tipped off Francis Hannon about his impending arrest. This further allegation fully explains plaintiff's use of the word "defamatory" in reference to defendant's comment, and thereby renders the use of the word "defamatory" far more than a naked conclusion of law subject to being stricken under the rule enunciated in Brooks v. Rudolph, 371 Pa. 21, 88 A. 2d 907 (1952). If, as plaintiff alleges, he never accused defendant of tipping off Hannon, then defendant's labelling plaintiff a liar would be false and groundless. In our view, plaintiff's complaint adequately avers matters of fact which require determination by a jury.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendant's preliminary objections are dismissed;

(2) Defendant is granted 20 days from the date of receipt of a copy of this order in which to plead responsively to plaintiff's complaint; and

(3) The Prothonotary of Luzerne County is hereby directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.