## Dowling, Administratrix, *versus* McGregor.

1. The only defence in the trial of a scire facias on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof.

2. If one of several joint defendants in a judgment dies, a scire facias may issue against the survivors and the executor or administrator of the decedent. As the real and personal estate of a deceased joint debtor are assets for the payment of his debts, in the hands of his personal representatives, no sound reason exists why his representatives shall not be joined with the surviving defendants in a scire facias on the judgment.

October 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Jefferson county:* Of October and November Term 1879, No. 27.

*Scire facias quare executionem non* on a judgment by Daniel McGregor against W. S. Craft and Sarah Dowling, administratrix of Hugh Dowling, deceased. The original judgment was entered by the prothonotary on a judgment-note signed by Craft, who was the principal debtor, and Dowling, who was surety, for $175, payable ten months from date. The scire facias in this suit was on this judgment against Craft and Sarah Dowling, administratrix of the estate of Hugh Dowling, and judgment was entered against both defendants for want of an affidavit of defence. Afterwards this judgment as to Sarah Dowling, administratrix, was stricken off, and as to her plaintiff entered a rule to arbitrate, and an award was filed finding for plaintiff in the sum of $181.35, from which

the administratrix appealed. At the trial before Jenks, P. J., the defendant proposed to prove: "That McGregor, the plaintiff, and Craft, the defendant, conspired together to make Hugh Dowling drunk, to defraud him, and when in a state of utter drunkenness, without one dollar of consideration, obtained his signature to the note on which judgment is entered." Also to prove, "that from 1870 till the date of the death of Dr. Hugh Dowling, he was utterly unfit from intemperate habits to do business, to be followed by proof that McGregor was present when the note was signed, and that Craft, the co-defendant, had been and was plying Dowling with whiskey to get him to sign the note, and that Dowling was only bail and Craft utterly insolvent at the time. Also, that Craft and McGregor obtained the signature of Dowling to two other notes as security for large amounts, and that no sufficient consideration was paid by McGregor to Craft for the note."

Both offers objected to for the reason that in no case or under any circumstances can the merits of an original judgment be inquired into for the purpose of furnishing a defence to a scire facias.

The court rejected both offers.

Verdict for plaintiff, and after judgment, Sarah Dowling took this writ and alleged that the court erred in rejecting the above offers of evidence and in entering judgment on a *scire facias quare executionem non*, in the usual form against Sarah Dowling, she being an administratrix; and in entering judgment against Sarah Dowling, administratrix of Hugh Dowling.

*Jenks & Clark*, for plaintiff in error.—The original note was fraudulently obtained, and all the subsequent proceedings thereon were pervaded by the fraud, and are therefore void. The plaintiff had no right to a joint judgment generally against the survivor and the administratrix of the decedent: Commonwealth v. Miller, 8 S. & R. 451; Strover v. Shuman, 9 W. & S. 85.

*White & Scott*, for defendant in error.—A scire facias will lie against survivors and the executors or administrators of a decedent: Bellas v. Vanderslice, 8 S. & R. 451; Huston v. Mateer, 16 S. & R. 416; Bressler v. Miller et al., 1 Leg. Ch. Rep. 128. Under no circumstances can the merits of the original judgment be inquired into for the purpose of furnishing a defence to a scire facias: Cardesa v. Humes, 5 S. & R. 67; Lysle v. Williams, adm'x., 15 S. & R. 135; Davidson v. Thornton, 7 Barr 131; P., C. & St. L. Railway Co. v. Marshall, 4 Norris 190.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This was a scire facias on a judgment recovered against Craft and Dowling jointly. After its rendition, Dowling died, and this

[Dowling *v.* McGregor.]

scire facias issued against the survivor, Craft, and the plaintiff in error, as administratrix of Dowling, deceased. Judgment by default was taken against Craft. A verdict was afterwards rendered against the plaintiff in error, and judgment entered thereon. To this last judgment this writ of error was taken.

The first and second assignments are to the rejection of evidence. The offers show an attempt on this trial to inquire into the merits of the original judgment. That such an inquiry cannot be entered into on the trial of a scire facias on the judgment, is settled by numerous authorities: Cardesa *v.* Humes, 5 S. & R. 68; Lysle *v.* Williams, 15 Id. 135; Davidson *v.* Thornton, 7 Barr 128; McVeagh *v.* Little, Id. 279; Stewart *v.* Colwell, 12 Harris 67; Pittsburgh, Cincinnati & St. Louis Railway Co. *v.* Marshall, 4 Norris 190. The only defence in the trial of a scire facias on a judgment is a denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge thereof. The fact that usurious interest had been paid prior to the recovery of the judgment, places a defendant in the trial of the scire facias on no higher ground, and does not change the rule: Rutherford *v.* Boyer, 3 Norris 347. The evidence was properly rejected.

The third assignment was withdrawn. The fourth and fifth are without merit, and require no discussion.

The sixth and seventh relate to the form of the scire facias, and judgment against the plaintiff in error. It was formerly held in case of a judgment against joint defendants, and one of them dies, his personal property was discharged from execution; but the plaintiff therein might have execution of the lands and tenements of the deceased party which were bound by the judgment at the time it was obtained. In such case, it was held error for the writ of scire facias to call on the administrator of the deceased party to show cause why the plaintiff should not have execution against the " goods and effects " of the deceased in his hands: Stiles et al. *v.* Brock et al., 1 Barr 215. The statute of Westminster II. made the remedy against the land bound by the lien, effective by scire facias against the survivor and the heirs and terre-tenants of those who had died. Under our practice, the executor or administrator is substituted for the heir: Commonwealth *v.* Miller's Adm'rs, 8 S. & R. 452. Hence, if one of several joint defendants in a judgment dies, a scire facias may issue against the survivors and the executor or administrator of the deceased: Commonwealth for use of Huston et al. *v.* Mateer et al., 16 S. & R. 416.

The error pointed out in Stiles *v.* Brock, *supra*, in seeking execution against the " goods and effects " of the deceased in the hands of the administrator, was cured by the Act of 11th April 1848, Pamph L. 536. It declares, " when a judgment shall hereafter be obtained against two or more co-partners, or joint or several obli-

[Dowling *v.* McGregor.]

gors, promissors, or contractors, the death of one or more of the defendants shall not discharge his or their estate or estates, real or personal, from the payment thereof; but the same shall be payable by his or their executors or administrators as if the judgment had been several against the deceased alone." The right to prosecute a claim founded on a joint contract against the survivor and the personal representatives of the decedent, when one or more of the defendants dies during the pendency of the action, is given by the first section of the Act of 22d March 1861, Purd. Dig. 39, pl. 12. It declares, "the same shall be proceeded in to judgment and execution against the estate of said decedent, as though the said suit or suits had been commenced against their decedent or decedents alone:" In Dingman *v.* Amsink, 27 P. F. Smith 114, it was held proper under this act to substitute the personal representatives of the decedent, and for the suit to proceed to trial, and judgment against them and the surviving defendants jointly.

As, therefore, both the real and personal estate of a deceased joint debtor are assets for the payment of his debts, in the hands of his personal representatives, no sound reason exists why the representatives shall not be joined with the surviving defendants in a scire facias on the judgment. In the present case, the scire facias recited the recovery of the judgment during the life of the defendants therein and the death of Dowling. It called on the plaintiff in error as his administratrix, and the survivor, to appear and show cause why said judgment "ought not to be revived and continue a lien on their real estate during another term of five years, and why the said McGregor ought not to have execution against them for the debt, interest and costs thereof, according to the form and effect of the recovery aforesaid." The unmistakable purpose of the writ was to keep the judgment good against all the property then chargeable with its payment. The form of the judgment cannot prejudice the rights of the plaintiff in error. The court can so restrain and direct the execution as to do her no injury. The spirit of the act has been followed, and we discover no such irregularity in the judgment as to call for its reversal.

Judgment affirmed.