WILLIAM WILSON *vs.* DAVID G. FUREY, executor of MARGARET G. FUREY, deceased, and KEZIAH FUREY and DAVID G. FUREY, husband of said KEZIAH FUREY, *terre* tenants.

*Demurrer—Pleading—Judgment; Scire facias to Revive—Parties Defendant—Devisees—Terre tenants—Practice—Statute— Lien of Judgment.*

In a *scire facias sur* judgment against an executor, while it is not necessary, still the devisees may be made parties as *terre* tenants. But whether they are made parties or not, if judgment is recovered against the executor in the mode the statute provides, this will take the land out of the hands of the devisees.

(*June 3, 1901.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Benjamin Nields* for plaintiff.

*Levin Irving Handy* for defendants.

Superior Court, New Castle County, May Term, 1901.

SCI. FA. SUR JUDGMENT against the said executor. Said judgment was entered April 2, 1883. Suit thereon was brought to the November Term, 1899.

The defendants filed the following plea, which was demurred to in a general demurrer as not sufficient to bar the plaintiff's action, viz. :

"2. And for a further plea in this behalf, the said Keziah Furey and David G. Furey, husband of said Keziah Furey, *terre* tenants, defendants," * * * "say that the said plaintiff ought not to have or maintain his aforesaid action thereof against them because they say that the cause of action sued upon in this action is a judgment obtained by said plaintiff against Margaret G. Furey in her life time previous to the first day of January, A. D. 1886,

and was wholly due and payable before the day and year last afore-
said, that said judgment was not renewed or revived on or before
the first day of January, A. D. 1896, neither has it been renewed
or revived since that date nor at any time; that prior to the suing
out of this writ, to wit, on the 6th day of July, A. D. 1884, Mar-
garet G. Furey died and by will duly proved and recorded in the
office of the Register of Wills of New Castle County, at Wilming-
ton, Delaware, Will Book H. 2, page 141, devised all of her real
estate in fee simple to Keziah Furey; that Keziah Furey became a
*bona fide* purchaser of the real estate of Margaret G. Furey,
deceased, before and prior to the suing out of this writ; and that
said real estate now in the possession of Keziah Furey and David
G. Furey, husband of Keziah Furey, *terre* tenants, is not liable to
be taken by virtue of execution process under any judgment that
may be obtained in this action. And this the said defendants are
ready to verify. Wherefore they pray judgment if the said plain-
tiff ought to have or maintain his aforesaid action thereof against
them, &c."

*Mr. Nields:*—Prior to the death of Margaret G. F. Furey she
owed Mr. Wilson, the plaintiff, a judgment. Under *Rev. Code,
845, Sec. 61,* I am trying to revive that judgment against the
executor.

*Mr. Handy :*—If this were simply a *scire facias* to revive a
judgment against the executor, the second plea would not be rele-
vant at all; but when you turn to the writ itself you find that it is
something more than a *scire facias* to revive a judgment against
the executor. Reading from the said writ we find that it sets out
that "although the judgment aforesaid was given, execution never-
theless of the said judgment still remaineth to be made, as in the
information of the said William Wilson it has been given us to
understand, and because we are willing that these things which in
our said Court are rightly done and transacted should have a due
execution, we command you that by good and lawful men of your

Bailiwick you make known to the said David G. Furey, executor of Margaret G. Furey, deceased, and Keziah Furey and David G Furey, husband of the said Keziah Furey, *terre* tenants of the real estate bound by the lien of this judgment, that they be and appear before the Judges of our Superior Court at Wilmington on Monday, the 27th day of November, A. D. eighteen hundred and ninety-nine, to show cause if any there be, why the lien of the said judgment should not be renewed and delivered, and to show cause if any. they have or know to say why the said William Wilson ought not to have execution against them for the damages aforesaid."

This is an attempt not only to make the executor a party, but also to revive and continue this judgment as a lien on the *terre* tenants; and the *scire facias* is not brought within ten years.

Plaintiff's counsel says that this action is brought under *Section 61, page 845, Revised Code.* Under said section *terre* tenants can only be liable under this *scire facias* if their land be bound by it. They cannot be parties because Section 4 cuts them out.

LORE, C. J.:—Do you contend that that applies to a devisee, that a man can give his property away without paying his debts?

*Mr. Handy:*—I have authority on that.

LORE, C. J.:—We have decided that in this State. No man can give away his property until he has paid his debts.

*Mr. Handy:*—My contention is that the plea, which has been demurred to, put in by Keziah Furey and David G. Furey, is a plea of which they can avail themselves, and is good and sufficient in law as a plea in bar.

Counsel on the other side is trying to get by this *scire facias* a judgment directed against Keziah Furey, and David G. Furey her husband, as holding particular property.

SPRUANCE, J.:—You cannot charge mere *terre* tenants, except in respect of the property which they got from the deceased.

*Mr. Handy:*—This is not merely a *scire facias* to the executor. The plaintiff has made the executor a party in place of the original party. In addition to that he has made the *terre* tenants parties.

As devisee, one of these *terre* tenants is a *bona fide* purchaser. Since this is a *scire facias* to revive a judgment, and the plaintiff makes the *terre* tenants parties to the judgment, the *terre* tenants may plead in bar anything whichs shows that their lands are not liable to the execution of the judgment.

GRUBB, J.:—The plaintiff claims that although you may plead it, yet it is not sufficient under our statute.

*Mr. Handy:*—I desire to call the Court's attention to *Foster on Scire Facias 305* (PLEADING IN BAR); *Jefferson vs. Morton, et al., 2 Sanders' Reports, 55.*

The question is, whether under the facts stated to which the plaintiff has taken a general demurrer, in the plea, a sufficient defense has been stated, to bar the claim as against the *terre* tenants.

SPRUANCE, J. (After citing *Richardson's Admr. vs. Peterson, 2 Harr., 366* and reading from *Seals vs. Chadwick, 2 Pennewill, 381*):—My understanding is that while it has been very usual in many of these cases to make heirs or *terre* tenants parties, it is not necessary. Still it does no harm. And in this case these devisees are proper parties but not necessary parties, but whether they are made parties or not if judgment is recovered against the executors in the mode the statute provides this will take the land out of the hands of the devisee.

LORE, C. J.:—The question here is, is this land relieved?

The principle of law that applies is that the devisee takes the land subject to all of the testator's debts.

Although, perhaps not necessary, still he may make the *terre* tenants parties, and properly so.

The demurrer is sustained. At the election of defendants' counsel, let judgment of *respondeat ouster* be entered.