THE FIRST NATIONAL BANK OF DOVER, a corporation duly created by and existing under the laws of the United States of America, *v.* SIMEON D. CROOK, Administrator of Lenora H. Crook, Deceased, and SIMEON D. CROOK, who has survived the said Lenora H. Crook, Deceased, who were obligors.

(*December* 1, 1933.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*Thomas C. Frame* for plaintiff.

*Melvin Hopkins* for defendants.

*James H. Hughes* for the purchaser.

Superior Court for Kent County, Writ of *Venditioni Exponas* for sale of lands, No. 61, October Term, 1933.

HARRINGTON, J., delivering the opinion of the Court:

As a general rule, a *scire facias* is necessary where a defendant in a judgment dies and a person, not a party to such judgment, is to be charged with the payment of it, by an execution to be issued thereon. 2 *Tidd's Pract.* 1165, 1166; *Foster* on *Scire Facias* (73 *Law Lib.*) 114, 172,

183; *Woolley's Del. Pract.,* § 1315; *Cooper v. May,* 1 *Harr.* 21.

■ When used for that purpose a *scire facias,* though it usually partakes of the nature of an action, is a continuation of a proceeding already begun, and is, therefore, in the nature of a rule to show cause why an execution should not issue. *Woolley's Del. Pract.,* §§ 1309, 1310, 1312; *Foster* on *Scire Facias* (73 *Law Lib.*) 42; *Dowling, Adm'r, v. McGregor,* 91 *Pa.* 410; *Com. v. Mateer,* 16 *Serg. & R.* (*Pa.*) 416.

■ Prior to the enactment of the *Statute of Westminster* 2nd (13 *Edw.* 1, *c.* 18) goods and chattels could be sold on execution process, but no execution could be issued on the judgment after the expiration of a year and a day from its entry, without procuring a new judgment, by an action of debt, based on the original judgment record. *Foster* on *Scire Facias* (73 *Law Lib.*) 42; *Woolley's Del. Pract.,* §§ 1312, 1313.

The statute in question not only remedied that procedural defect by providing for the writ of *scire facias,* but it, also, provided for the writ of *elegit,* which instead of other execution process, at the election of the plaintiff, might be used for the collection of judgment debts out of real, as well as personal, property. *Ex parte Dixon,* 1 *Del. Ch.* 261, 12 *Am. Dec.* 92; *Robinson, Adm'r, v. Tunnell, Adm'r,* 2 *Houst.* 138; *Woolley's Del. Pract.,* §§ 804, 991, 1021, 1095.

■ Under the writ of *elegit,* with certain specified exceptions, the personal property of the defendant in the judgment could be appraised and turned over to the plaintiff on account of his debt, at that valuation.

Possession of one-half of the defendant's lands might, also, be delivered to the plaintiff for such a reasonable time as might be necessary to enable him to collect his debt

out of the rents and profits therefrom, if the goods and chattels were not sufficient for that purpose. *Robinson, Adm'r, v. Tunnell, Adm'r,* 2 *Houst.* 138; 2 *Tidd's Pract.* 1074; *Woolley's Del. Pract.,* § 804.

By reason of the old common law rule, relating to the survivorship of the obligation, in cases of joint contracts, on the death of one of two joint defendants in a judgment the personal property of the survivor was alone subject to seizure and sale on execution process. *Foster* on *Scire Facias* (73 *Law Lib.*) 174, 175; 2 *Tidd's Pract.* 1171; *Tretheny v. Ackland,* 2 *Wm. Saund.* 48, *note* 4 (85 *Eng. Repr.* 649) ; *Com. v. Vanderslice,* 8 *Serg. & R.* (*Pa.*) 452; *Com. v. Mateer, et al.,* 16 *Serg. & R.* (*Pa.*) 416; *Dowling v. McGregor,* 91 *Pa.* 410.

This was the rule at law, but the surviving defendant whose property had been seized on execution process issued on the judgment could, in a proper case, procure relief in equity by a decree for contribution. *Underhill v. Devereux,* 2 *Wm. Saund.* 71 (85 *Eng. Repr.* 715).

It seems that the joint contract rule above referred to did not apply, however, to a judgment lien on real estate, though such judgment was against joint defendants. *Foster* on *Scire Facias* (73 *Law Lib.*) 174, 175; *Tretheny v. Ackland,* 2 *Wm. Saund.* 48 and *note* 4 (85 *Eng. Repr.* 649) ; *Stiles, etc., Adm'rs, v. Brock & Co.,* 1 *Pa.* (1 *Barr.*) 215; *Dowling v. McGregor,* 91 *Pa.* 410.

Neither of these rules was changed by the *Statute of Westminster,* and, after the enactment of that statute, if the plaintiff in a judgment against joint defendants sought to seize lands under a writ of *elegit* issued on that judgment, it was necessary for him to take the lands of the deceased defendant, as well as those of the surviving defendant. 2 *Tidd's Pract.* 1171; *Foster* on *Scire Facias* 174, 175; *Tretheny v. Ackland,* 2 *Wm. Saund.* 48, and *note* 4 (85 *Eng. Repr.* 649).

■ Perhaps because personal property had always been the primary fund for the payment of debts, when a judgment had been entered in a personal action against a single defendant, and such defendant had died before execution issued, it seems that under the English practice the *scire facias* was first issued against the executor, or administrator, of the deceased defendant; and where it was sought to subject lands to execution process, though the *scire facias,* also, issued against the heirs and terre tenants of the deceased defendant, it could not issue against them until after a return of nihil against the personal representative of that defendant. *Robinson, Adm'r, v. Tunnell, Adm'r,* and *Terre Tenants,* 2 *Houst.* 387; 2 *Tidd's Pract.,* § 1173. See, also, *Foster* on *Scire Facias* 172, 183.

■ That practice has, however, been somewhat modified in this state, and it has been held:

1. That, on the death of a single defendant in a judgment binding lands, a *scire facias,* for the purpose of seizing such land on execution process, may be issued in the first instance against both the administrator of the deceased judgment defendant and the heirs and terre tenants of the land bound by the judgment. *Robinson, Adm'r, v. Tunnell, Adm'r,* 2 *Houst.* 387; *Woolley's Del. Pract.,* § 1315.

■ 2. That, on the death of a single defendant in a judgment binding land, a *scire facias,* for the purpose of seizing such land in the hands of his heirs, or devisees, or persons claiming under them, may be issued against his personal representative. *Latimer, Adm'r, v. Peterson, Terre Tenant,* 2 *Harr.* 366; *Wilson v. Furey,* 3 *Penn.* 278, 51 *A.* 875; *Woolley's Del. Pract.,* § 1315. See, also, *Seals v. Chadwick,* 2 *Penn.* 381, 45 *A.* 718; *Burton v. Burton's Ex'r,* 5 *Harr.* 441.

■ The heirs or devisees, or other terre tenants of

such a deceased defendant in a judgment, though not necessary, are, however, proper parties to the *scire facias,* and may be joined with his personal representative as defendants in that proceeding. *Latimer, Adm'r, v. Peterson, Terre Tenant,* 2 *Harr.* 366; *Wilson v. Furey,* 3 *Penn.* 278, 51 *A.* 875; *Woolley's Del. Pract.,* § 1315. See, also, *Seals v. Chadwick,* 2 *Penn.* 381, 45 *A.* 718.

This modification of the old English practice is based on the fact that by statute all the lands of a deceased defendant in a judgment are now in a sense assets in the hands of his personal representative, for the payment of his debts; and when he dies such lands are taken by his heirs, or devisees, or their grantees, subject to the judgment liens against him and to the right, and even duty, of his personal representative, if the personal estate of the deceased person is not sufficient to satisfy them, to sell his lands by order of the Orphans' Court, for the payment of his debts. *Latimer, Adm'r, v. Peterson, Terre Tenant,* 2 *Harr.* 366; *Robinson, Adm'r, v. Tunnell, Adm'r,* 2 *Houst.* 387.

The lands of a deceased person may, also, be subjected to judgment liens by the verdict of a jury, or, in certain cases, by the award of referees in actions against his personal representative on claims not reduced to judgment during his life time. *Latimer, Adm'r, v. Peterson, Terre Tenant,* 2 *Harr.* 366; *Robinson, Adm'r, v. Tunnell, Adm'r,* 2 *Houst.* 387.

In *Latimer, Adm'r, v. Peterson, Terre Tenant,* 2 *Harr.* 366, *supra,* a *scire facias,* for the purpose of seizing real estate bound by a judgment against a single defendant, who was then dead, was issued. The defendants in that proceeding were the executor of the deceased judgment defendant and Thomas Peterson, one of the terre tenants, who claimed under Peter Vandever, a devisee of the deceased judgment defendant.

In this connection the Court said:

"The executor was the proper person to pay the judgment. The land of the debtor was a fund in his hands for payment of the judgment."

It, also, added:

"In the present case, therefore, we give judgment for the plaintiff; but we think it not amiss to add, that such a judgment is not necessary to authorize a sale of land in the hands of a devisee or heir. In that case, a judgment against the executor or administrator would be sufficient to justify a sale of all the lands of the deceased for the payment of a debt secured, as this was, by judgment in his lifetime."

See, also, *Vincent v. Platt, 5 Harr.* 164, where the Court said:

"The land of the deceased, although it might be in the occupation of the devisee or heir, always was, and now is, a fund in the hands and under the control of the executor or administrator, for the payment of debts."

In a subsequent part of the opinion, the Court, also, said:

"Under our practice, he (the personal representative) is the only person against whom a suit is usually brought for claims against the estate; and although an action may perhaps, under some circumstances, be maintained against the devisee or heir alone, for the debt of the testator or intestate; such an action has been seldom, if ever, instituted. Upon the insufficiency of the personal estate, the law converts the real into personal estate, for the purpose of paying debts."

The same rule has long been applied in the State of Pennsylvania. *Hays v. Shannon,* 5 *Watts (Pa.)* 548; *Com. v. Mateer, et al., Executors,* 16 *Serg. & R. (Pa.)* 416; *Com. v. Vanderslice,* 8 *Serg. & R. (Pa.)* 457; *Grover v. Boon,* 124 *Pa.* 399, 16 *A.* 885.

Under the old English practice, when one of two joint defendants in a judgment died before execution issued, and the plaintiff therein sought to subject his real estate to execution process, the *scire facias* issued against the

surviving defendant, and, also, against the heirs and terre tenants of the deceased defendant. *Foster* on *Scire Facias* (73 *Law Lib.*) 175; 2 *Tidd's Pract.* 1173; *Ex parte Dixon,* 1 *Del. Ch.* 261, 12 *Am. Dec.* 92; *Underhill v. Devereux,* 2 *Wm. Saund.* 71 (85 *Eng. Repr.* 715); *Dowling v. Mc-Gregor,* 91 Pa. 410.

In that *scire facias* the surviving defendant was required to show cause why his personal property and one-half of his real estate should not be subjected to execution process, and the heirs and terre tenants of the deceased defendant were, also, required to show cause why one-half of his land (but not mentioning personal property) should not be subjected to execution process on the judgment, on which the *scire facias* was issued. *Voshell v. Devereux,* 2 *Wm. Saund.* 71, 85 *Eng. Repr.* 715, *note; Stoner v. Stroman,* 9 *Watts & S. (Pa.)* 85.

As in the case of the death of a single defendant in a judgment, the purpose of this procedure was not only to follow the record as far as possible but, also, to give the parties affected by it notice of the contemplated seizure. *Woolley's Del. Pract.,* § 1315. ..

In such cases, under the English practice, the personal representative of the deceased defendant was not a proper party because, as we have seen, his personal property was not subject to seizure on execution process issued on the judgment, and his lands, on his death, were not, as in this state, in any sense assets for the payment of his debts. *Dowling v. McGregor,* 91 *Pa.* 410, *supra.*

*Section* 2628 of the *Code* of 1915, however, provides that

"An obligation, or written contract, of several persons, shall be joint and several, unless otherwise expressed."

The old rules that the obligation survived as to personal property on the death of one of two joint contractors, therefore, no longer applies in this state. *Wool-*

*ley's Del. Pract.*, §§ 964, 1315. See, also, *Forbes v. Thompson*, 2 *Penn*. 530, 47 *A*. 1015; *Dowling v. McGregor*, 91 *Pa*. 410; *Dingman v. Amsink*, 77 *Pa*. (27 *P. F. Smith*) 114.

Following the English practice, *Section* 4407 of the *Code* of 1915, also, provides:

> "A writ of *scire facias* may be sued upon a judgment in a personal, or mixed action, as well as upon a judgment in a real action, as also upon all recognizances, to obtain execution of such judgment, or recogniznces. Such writ may be sued by and against the parties to the judgment, or recognizance, and also by and against any other persons entitled, or liable, to the execution thereof, whether as executors, administrators, heirs, terre tenants, or otherwise."

The judgment, upon which the property in this case was sold, was a duly recorded and binding lien on the real estate of Mrs. Crook at the time of her death. By reason of the various applicable statutory enactments in this state, including *Section* 2628 of the *Code* of 1915, it would, therefore, seem that the relation of her personal representative to such real estate was now precisely the same as that of the personal representative of a deceased single defendant in a judgment. See *Latimer v. Peterson*, 2 *Harr*. 366; *Vincent v. Platt*, 5 *Harr*. 164, *supra*.

If that be true, Simeon D. Crook, as her personal representative, was to such an extent liable to the execution of the judgment against her, as to be a proper party defendant in this proceeding, with the surviving defendant in the judgment, within the meaning of *Section* 4407 of the *Code* of 1915, though the plaintiff seized and sold land. For the same reason precisely the same rule has been applied by the Pennsylvania courts. *Dowling, Adm'r, v. McGregor*, 91 *Pa*. 410; *Com. v. Mateer*, 16 *Serg. & R*. 416; *Dingman v. Amsink*, 77 *Pa*. (27 *P. F. Smith*) 114.

In *Hallowell v. Brown*, 8 *Houst*. 500, 32 *A*. 392, which was largely relied on in support of the motion to set aside the sale, the court held that a *scire facias* issued against a surviving defendant in a joint judgment and the heirs and

terre tenants of a deceased defendant in that judgment, for the purpose of seizing the real estate owned by that person during his life time, and bound by the judgment lien, was properly brought. It, therefore, held that judgment in that proceeding should be entered for the plaintiff. In reaching this conclusion, the court, apparently, approved the old English practice applied in such cases. See, also, *Ex parte Dixon,* 1 *Del. Ch.* 261, 12 *Am. Dec.* 92; *Burton v. Burton's Ex'r,* 5 *Harr.* 441; *Woolley's Del. Pract.,* § 1315.

True, in considering the contention of the defendants, it, also, said that the administrator of the deceased defendant was not a proper party defendant to the *scire facias,* and should not be joined with the surviving defendant and the heirs and terre tenants of the deceased defendant in the judgment. It gave two reasons for this conclusion:

1. Because of the old rule relating to the survivorship of the obligation in cases of joint contracts, and under which rule upon the death of one joint contractor his executor, or administrator, as the custodian of his personal estate, was not liable.

2. Even if the contract be joint and several, and that rule did not apply, an executor, or administrator of the deceased judgment defendant could not be joined with the surviving defendant because one would necessarily be charged *de bonis testatoris* and the other would be charged *de bonis propriis.*

As we have already seen, the first reason advanced by the court never applied to judgment liens on real estate; and any reason for not making the personal representative of the deceased joint defendant a party to the *scire facias* has now been changed by statute. *Section* 2628 of the *Code* of 1915.

Under the English practice and, perhaps, in most states in this country, in a case of this character where the *scire facias* is based on the judgment record, the judgment

of the court in that proceeding would be that execution issue. *Knox v. Costello,* 97 *Eng. Repr.* 1100; *Owens v. Henry,* 161 *U. S.* 642, 16 *S. Ct.* 693, 40 *L. Ed.* 837; *Freeman on Judgments,* § 1101.

Under our practice, the judgment entered on the *scire facias* is not in that precise form, but in considering the effect of such a judgment, Judge Woolley in his work on *Delaware Practice,* § 1312, says:

"Obviously, therefore, the effect of a *sci. fa. sur* judgment (*quare ex. non.*) is a continuation of the judgment, and the object is the enforcement of the original demand upon which the judgment was recovered. The *sci. fa.* creates nothing anew, but may be said only to re-animate that which before had existence, the vital faculties and powers of which are suspended by law, or limitation, and without the salutary interference of the *sci. fa.* would be wholly lost."

See, also, *Woolley's Del. Pract.,* § 1339.

Applying this rule, the execution in a case of this character is issued on the original judgment, and not on the judgment entered in the *scire facias* proceeding. *Woolley Del. Pract.,* § 1339, *supra.*

Further than that, the conclusion of the court in *Hallowell v. Brown, supra,* that if the personal representative were a party, the judgment entered against the various defendants could not be the same in form, is inconsistent with the rules applied in both *Robinson, Adm'r, v. Tunnell, Adm'r,* 2 *Houst.* 387, and *Latimer, Adm'r, v. Peterson,* 2 *Harr.* 366.

Applying the rule laid down by the court in *Latimer, Adm'r, v. Peterson,* 2 *Harr.* 366, *supra,* our conclusion, therefore, is that the *scire facias* in this case was properly brought against the surviving defendant in the judgment, and the personal representative of the deceased defendant in that judgment.

Applying the same rule, though not a necessary party,

the heir of the deceased defendant might, also, have been made a defendant in that proceeding.

Perhaps, we should, also, add that when the executor, or administrator, of a deceased defendant is the sole party defendant in a *scire facias,* it is, of course, his duty to notify the heirs, or devisees, or other terre tenants, claiming under him, of the pending proceedings, and they, on application, would be permitted to appear and defend.