IN THE MATTER OF THE PETITION OF CHARLES C. DOWNES, ADMINISTRATOR OF WILLIAM H. DOWNES, DECEASED, TO SELL LANDS TO PAY DEBTS.

*Kent County, June 22, 1937.*

HARRINGTON, J., sitting.

*Thomas C. Frame*, for petitioner.

HARRINGTON, J., delivering the opinion of the court:

This case involves the jurisdiction of this court. Whatever the common law rule may have been (*Vincent v. Platt*, 5 *Har.* 164; *First National Bank v. Crook*, 6 *W. W. Harr.* [36 *Del.*] 281, 174 *A.* 369), in a proper case the right of the Orphans' Court, for Kent County, to order the sale of such portion of the lands of a deceased person, located in the County, as may be necessary to pay his debts, cannot be questioned. (*Rev. Code* 1935, § 3877). But, though it appears from the petition that the deceased, also, owned lands in another county of the State, the right of that court, to order the sale of such lands to pay debts may be another matter.

A general history of the legislative provisions, relating to the Orphans' Court of this State, from a very early date, and long before we become a State, including its right to order the sale of real estate of a deceased person to pay his debts, appears in *McCaulley's Executor v. McCaulley*, 7 *Houst.* 102, 30 *A.* 735; see, also, *Vincent v. Platt*, 5 *Har.* 164, *supra.*

*Section* 1 of *Article* 4 of the *Constitution* of 1897 provides that "the judicial power of this State shall be vested" in various enumerated courts, including the Orphans' Court.

Under *Section* 19 of the same *Article* of the *Constitution* "the jurisdiction of each of the aforesaid courts [including the Orphans' Court] shall be co-extensive with the State. Process may be issued out of each court, in either county, into every county."

But *Section* 11 of *Article* 4, which, also, relates to the jurisdiction of the Orphans' Court, specifically provides:

"This court shall have all the jurisdiction and powers vested by the laws of this State in the Orphans' Court."

In view of this provision, *Section* 3877 of the *Code* of 1935 is the important statutory provision to be considered. It provides: "When the personal estate of a deceased person is not sufficient to pay his debts, his executor, or administrator, may prefer to the Orphans' Court of the County wherein there is any real estate of the deceased, a petition stating the facts, and praying an order for the sale of the whole, or such part thereof for that purpose, as the personal estate is not sufficient to pay."

After first providing that the executor or administrator shall exhibit to the court, on oath, a true account of all the personal estate belonging to the deceased, and of all debts outstanding against his estate, which shall have come to his knowledge, stating therein the amount of the inventory and appraisement, and that he shall, also, exhibit the inventory and list of debts returned to the Register, or certified copies thereof, *Section* 3897 of the *Code* of 1935, also, provides:

"and the said Court shall have power, if it shall appear that there is a deficiency of personal estate for the payment of the deceased's debts, to order that the said executor, or administrator, shall sell the said real estate, or a part thereof to be specified in said order, for the purpose of supplying said deficiency: Provided, that no more shall be sold than the Court shall deem sufficient for that purpose."

A similar statutory provision has been in force in this State, certainly since February 3rd, 1829 *Rev. Code* of 1829, *P.* 321.

Legislative acts, giving courts special and extraordinary jurisdiction and powers, are usually strictly construed. *McCaulley's Executor v. McCaulley*, 7 *Houst.* 102, 30 *A.* 735; *Lewis' Suth. on Stat. Construction*, §§ 564-566.

An order to sell the lands of a deceased person for the payment of his debts is within that class, and if the provisions of the statute, giving that right, are not clear and explicit, it must, therefore, be strictly construed.

The petition provided for in *Section* 3877 of the *Code* of 1935 is to be preferred "to the Orphans' Court of the County wherein there is any real estate of the deceased," and the order to be prayed for is for "the sale of the whole, or such part thereof" as the personal estate of the deceased person is not sufficient to pay. The word "thereof" apparently refers to the previous words "any real estate of the deceased," which words from the language of the statute would seem to mean in the County in which the petition for sale is presented.

The language of *Section* 3879 of the *Code* of 1935 tends to corroborate this conclusion. It authorizes the "said court," the Orphans' Court of the County, to order the executor or administrator to sell "the said real estate, or a part thereof" for the payment of the debts of the deceased. At any rate, even under the circumstances of this case, it is not clear from the statutory language used that the Orphans' Court of one County is authorized to order the sale of lands located in another County for the payment of the debts of a deceased person.

Applying the principles above stated, the application of the petitioner for an order to sell the lands of William H. Downes, deceased, located in New Castle County, must, therefore, be refused.

The court records indicate that this conclusion is in accord with the long established practice.

It is true that a different rule applies in partition cases, but that is because of the express language of the statute. See *Rev. Code* 1935, §§ 3736, 3758.