J-A22003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALBERT E. CUNEO, A/K/A ALBERT E. CUNEO II T/A/D/B/A ALBERT E. CUNEO II FREELANCE APPRAISAL SERVICES | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| RAYMOND L. BURGESS | : : | |
| v. | : : : | No. 14 WDA 2023 |
| YVETTE C. PETERSON | : | |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 2007-011138

BEFORE: BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY BOWES, J.:        **FILED: NOVEMBER 13, 2023**

Albert E. Cuneo, a/k/a Albert E. Cuneo II t/a/d/b/a Albert E. Cuneo II Freelance Appraisal Services has appealed from the order that sustained the preliminary objections of Yevette C. Peterson and overruled Mr. Cuneo's preliminary objections to her preliminary objections.

Briefly, the underlying facts are as follows. Raymond Burgess executed a mortgage on a property on Webster Avenue on Pittsburgh, Pennsylvania in 2006. The mortgage holder foreclosed on the mortgage in 2007, purchased the property at a sheriff's sale in 2008, and sold the property to Ms. Peterson in 2009. Mr. Cuneo, who had obtained a judgment against Mr. Burgess on an unrelated breach of contract claim in 2007, after the mortgage had been

perfected. Mr. Cuneo filed a praecipe for a writ of revival against Mr. Burgess in 2012 and 2017, in an effort to realize the outstanding judgment. In 2022, he filed a praecipe for a writ of revival also naming Ms. Peterson as the purported *terre-tenant*.[1] Ms. Peterson filed preliminary objections asserting that, as a result of the sheriff's sale, Mr. Cuneo's judgment no longer attached to the Webster Avenue property. Mr. Cuneo filed a response and objections to the objections. On December 1, 2022, the trial court entered an order ruling in Ms. Peterson's favor on both sets of preliminary objections.

This timely appeal followed, and both Mr. Cuneo and the trial court complied with Pa.R.A.P. 1925. Mr. Cuneo presents the following questions for our review:

> 1. Whether the trial court erred when it found that [Mr. Cuneo] received service of notice of sheriff sale under Pa.R.C. 3129.2, that is a rule and not a statute, which was obscure, vague, had no handbill and was void of any affiant identification signature, and were there violations in the notice of U.S. Const. Art. 1 sec 10 cl.1 and Amendments. 4, 5, 7 and 14; and the Pennsylvania Constitution of 1968 Article 1 sections 1, 8, and 17; because [Mr.] Cuneo was not joined in the foreclosure action or being directly named a party to it under any form of action, sounding in collateral claims for relief to vitiate [Mr.] Cuneo's judgment lien?

> 2. Whether the trial court erred when it found that [Mr.] Cuneo's writ of revival in no way could be indexed against Appellee or the real estate located at 2627 Webster Avenue. . . ?

> 3. Whether the trial court erred when it failed to consider [Mr. Cuneo's] writ of revival in the context of a complaint in a civil

---

[1] "A *terre-tenant*, as used in our law, is one who became the owner of an interest in the real estate after the lien of the judgment attached." **Adelson v. Kocher**, 36 A.2d 737, 738 (Pa.Super. 1944).

action, seeking a judgment or creating lien which was earned and attached May 29, 2007, in this action in violation of the strict text set forth by 42 Pa.C.S. [§] 8141(6), without requiring application of the exclusive process to raise affirmative defenses to a complaint?

Mr. Cuneo's brief at 3-4 (cleaned up).

Upon a thorough review of the certified record, the parties' briefs, and the applicable law, we affirm the order sustaining Ms. Peterson's preliminary objections, and overruling Mr. Cuneo's preliminary objections to her preliminary objections, based upon the opinion of the Honorable John T. McVay, Jr. entered on February 21, 2023. In particular, Judge McVay explained that the mortgage on the property was perfected and recorded ten months before Mr. Cuneo's judgment, rendering the latter a junior lien. Further, the sheriff's sale of the subject property, held subsequent to issuance of a proper affidavit of service upon all record junior lien holders, divested all junior liens on the property. **See** Trial Court Opinion, 2/21/23, at 4-5 (pagination supplied) (citing, *inter alia*, 42 Pa.C.S. § 8141(1) (providing the priority of liens against real property), and **Unity Sav. Ass'n v. Am. Urban Scis. Found. Inc.**, 487 A.2d 356, 358 (Pa.Super. 1984) ("[T]he general rule [is] that a sheriff's sale of property divests all junior liens on that property.")).

While we understand Mr. Cuneo's frustrations with being unable to satisfy his judgment against Mr. Burgess, none of his underdeveloped arguments concerning freedom of speech or other constitutional or statutory provisions has convinced us that relief is warranted.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/13/2023

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ALBERT E. CUNEO, | CIVIL DIVISON |
|         Plaintiff, | |
| v. | Case No.: GD-07-011138 |
| RAYMOND L. BURGESS, | |
| | Date: February 21, 2023 |
|         Defendant, | |
| v. | |
| YVETTE C. PETERSON, | |
|         Terre-Tenant. | |

# <u>Pa.R.C.P. 1925(b) OPINION</u>

## Procedural History

On 12/28/2022, Albert E. Cuneo ("Cuneo") filed this appeal of my 12/01/2022, order that sustained Yvette C. Peterson's ("Peterson") Preliminary Objections Raising Questions of Fact to strike Cuneo's Writ of Revival to Terre-Tenant, and the judgement entered in this action cannot be indexed in any way against the property known as 2627 Webster Ave., Pittsburgh, Pennsylvania ("Webster Ave."). That order also overruled Cuneo's Preliminary Objections to Peterson's Preliminary Objections.

Raymond Burgess ("Burgess") had executed a mortgage with Wells Fargo on 6/30/2006, which was recorded on 7/6/2006 and secured by the Webster Ave. property. Burgess subsequently defaulted on the mortgage in November 2006 and was the Defendant in a 2007 foreclosure action filed on 3/14/2007, for the Webster Ave. property.

Separately, on 4/19/2007, a judgement was entered in favor of Albert E. Cuneo for a breach of contract claim against Burgess in the Magisterial District Court and was entered and filed in the Court of Common Pleas on 5/29/2007. Cuneo was a lienholder of Burgess' Webster Ave. property at the time when Wells Fargo filed its foreclosure action, and he was provided Notice of the Sheriff's sale Pursuant to Pa. R.C.P. 3129. The record is clear that the Wells Fargo mortgage and foreclosure action was filed and of record before Cuneo's judgement.

As a result of the foreclosure action, U.S. Bank took title to the Webster Ave. property as the successful bidder at the 2/4/2008 Sheriff's sale. The Sheriff's Deed is dated 2/26/2008, and was recorded on 3/14/2008, as Instrument 2008-7032. Peterson subsequently purchased the Webster Ave. property from U.S. Bank, the foreclosing mortgage holder, for $5,600.00 and took title by deed dated 12/31/2008, and recorded it on 3/3/2009, as Instrument Number 2009-4392.

Approximately 14 years later, Cuneo filed a Praecipe for Writ of Revival against Yvette C. Peterson, "Terre-Tenant" on or about 7/15/2022. On 8/22/2022 Peterson filed her Preliminary Objections Raising Questions of Fact to strike Cuneo's Writ of Revival to Terre-Tenant. Cuneo filed a response and his own Preliminary Objections to Peterson's Preliminary Objections on 9/9/2022. In response, Peterson filed ten (10) exhibits which are documents filed of record with the Allegheny County Department of Court Records and the Allegheny County Department of Real Estate, and I take judicial notice as fact pursuant to the Pennsylvania Rules of Evidence Pa. R.E. 201. I heard argument on 12/1/2022 and sustained Peterson's Preliminary Objections and overruled Cuneo's Preliminary Objections, finding that Peterson was not a Terre-Tenant.

## Standard of Review

The Superior Court in <u>Richmond v. McHale</u>, 35 A.3d 779, 783 (2012) established the standard of review in sustaining preliminary objections for trial courts:

> Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

<u>Id.</u>

> A demurrer tests only whether, as a matter of law, the pleaded allegations may entitle the pleader to relief. To answer that question, the pleader's factual allegations are accepted as true; because there are no other "facts" before the court, the trial court has no basis to assume otherwise. And because neither party has had any opportunity to present evidence showing what the facts actually are, the law precludes dismissal unless it is 'clear and free from doubt' that no relief may be obtained under the pleader's allegations. (internal citations are omitted)

<u>C.G. v. J.H.</u>, 172 A.3d 43, 54–55 (2017), <u>aff'd,</u> 648 Pa. 418, 193 A.3d 891 (2018).


## Discussion

All eight (8) of Cuneo's alleged errors are founded on his incorrect belief that his judgement had priority over Wells Fargo mortgage and that Peterson had purchased the property directly or indirectly from Burgess, making her a Terre-Tenant. Both of Cuneo's legal averments are erroneous upon review of the documents filed with the Allegheny County Department of Court Records and the Allegheny County Department of Real Estate.

Peterson filed Preliminary Objections Raising Questions of Fact to strike Cuneo's Writ of Revival to Terre-Tenant, averring that pursuant to Pa. R.C. P. Rules 1028(a)(1) there is a lack of jurisdiction over Peterson and a demurrer under 1028 (a)(4) averring that Cuneo's Writ of Revival to Terre-Tenant was legally insufficient.

Cuneo first incorrectly argues that his lien had priority over Wells Fargo's mortgage. The record is clear that Wells Fargo's mortgage on the property was perfected and filed on 7/6/2006, nearly ten (10) months before Cuneo's judgement was recorded in the Allegheny County's Department of Court Records on 5/29/2007.

Priority for the liens of purchase money mortgages is provided by statute at 42 Pa.C.S. § 8141(1), time from which liens have priority, is as follows:

> Liens against real property shall have priority over each other on the following basis:
> **(1) Purchase money mortgages, from the time they are delivered to the mortgagee, if they are recorded within ten days after their date; otherwise, from the time they are left for record. A mortgage is a "purchase money mortgage" to the extent that it is:**
>> (i) taken by the seller of the mortgaged property to secure the payment of all or part of the purchase price; or
>> (ii) taken by a mortgagee other than the seller to secure the repayment of money actually advanced by such person to or on behalf of the mortgagor at the time the mortgagor acquires title to the property and used by the mortgagor at that time to pay all or part of the purchase price, except that a mortgage other than to the seller of the property shall not be a purchase money mortgage within the meaning of this section unless expressly stated so to be.
> (2) Other mortgages and defeasible deeds in the nature of mortgages, from the time they are left for record.
> **(3) Verdicts for a specific sum of money, from the time they are recorded by the court.** (emphasis added)

Id.

There is no dispute that Wells Fargo's mortgage was recorded, and its foreclosure action was prior to Cuneo's verdict judgment. Based on the applicable law as set forth in § 8141, time from which liens have priority, and the record, Cuneo's verdict for a specific sum of money was a junior lien to Wells Fargo's mortgage.

Further, Cuneo incorrectly avers that his judgement lien was not divested by the 2/4/2008, Sheriff's sale and is still viable against the Webster Ave. property. The general rule in

Pennsylvania is that a Sheriff's sale of property divests all junior liens on that property. <u>Unity Sav. Ass'n v. Am. Urb. Scis. Found. Inc.</u>, 487 A.2d 356, 358 (1984) citing <u>Albert J. Grosser v. Rosen</u>, 259 A.2d 679 (1969). Since the record contains an Affidavit of Service Pursuant to Rule 3129, stating that all record lien holders, including Cuneo, were served notice of the 2/4/2008, Sheriff's sale, all junior liens were divested after the Sheriff's sale. The law is clear that Cuneo's lien on the property was divested upon the sale of the property to the mortgage holder at the Sheriff's sale. Applying the law as found in <u>Unity</u>, it is clear that Cuneo's lien on the property was divested upon the sale of the property to the mortgage holder at the Sheriff's sale.

Cuneo's filing a Writ of Revival to Terre-Tenant against Peterson was legally insufficient since the record confirms that Peterson is not a Terre-Tenant. The law in Pennsylvania is clear as to what establishes a Terre-Tenant and valid defenses to that claim. "A terre-tenant, as used in our law, is one who became the owner of an interest in the real estate after the lien of the judgment attaches" <u>Adelson v. Kocher</u>, 36 A.2d 737, 738 (1944). "A terre-tenant is one who has purchased an estate mediately or immediately from the debtor while it was bound by a judgment." <u>Ellinger v. Krach</u>, 28 A.2d 453 (1942), <u>aff'd sub nom.</u> <u>Simmons v. Simmons</u>, 29 A.2d 677 (1943). "The only defense in the trial of a scire facias on a judgment is a denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge thereof." <u>Dowling v. McGregor</u>, 91 Pa. 410, 412 (1880)

It is evident from the record that U.S. Bank took title to the Webster Ave. property as the successful bidder at the Sheriff's Sale after a review of the dockets at GD-07-5528 and GD-07-11138 in the Allegheny County Department of Court Records and the Allegheny County Department of Real Estate. The Sheriff's Deed transferring the property to U.S. Bank is dated 2/26/2008, and was recorded on 3/14/2008, as Instrument 2008-7032, which divested Cuneo's

lien along with all other junior lien holders. Approximately ten (10) months later Peterson, a bona fide purchaser, bought the Webster Ave. property from U.S. Bank on 12/31/2008, which was recorded 3/3/2009. It is apparent from the record and the U.S. Bank to Peterson deed transfer, that Burgess was not a grantor and the property at that time was owned by U.S Bank and not Burgess. Therefore, Peterson did not purchase property mediately or immediately from the debtor (Burgess) while it was bound by Cuneo's judgment which was divested by the 2/4/2008 Sheriff's sale.

Cuneo also filed Preliminary Objections to Peterson's Preliminary Objections in which he attempted to raise procedural issues that allegedly occurred with the underlying Sheriff's sale that took place more than fourteen (14) years ago. First and foremost, neither Peterson nor Cuneo were parties or participants in the Sheriff's sale that occurred in 2008. Therefore, any alleged procedural errors or allegations raised by Cuneo against Wells Fargo and the Allegheny Sheriff's Department are not properly before me. Cuneo lacks standing to raise these issues at this time, and I lack jurisdiction in this matter. I do note that Cuneo had revived his writ of judgement two times before 2022, once in 2012 and again in 2017, and never raised the issue of Peterson being a Terre-Tenant even though she has been the record owner since March of 2009.

Even if I did find that Cuneo has standing, he may be barred by the doctrine of laches since he sat on any rights he may have had for over fourteen (14) years while having at least constructive notice that the property was sold to Peterson in 2009. These reasons are why I overruled Cuneo's Preliminary Objections to Peterson's Preliminary Objections.

**Conclusion**

In conclusion, I did not commit any errors or abuse my discretion in sustaining

Peterson's Preliminary Objections and striking Cuneo's Praecipe for Writ of Revival against Peterson as a Terre-Tenant with prejudice and overruling Cuneo's Preliminary Objections to Preliminary Objections.  Applying the law to the record, I found that Peterson was not a Terre-Tenant and the Webster Ave. property could not be indexed by Cuneo's judgement against Burgess. While my ruling does not invalidate Cuneo's judgment against Burgess or his estate, it does preclude him from indexing or executing against Peterson's property for all the above reasons.

BY THE COURT:

_Judge John T. McVay Jr._, J.